# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| Music City Metals Co., Inc., | Civil Action No.: |
| *Plaintiff,* | Judge: |
| | Magistrate Judge: |
| vs. | **TO BE FILED UNDER SEAL**[1] |
| Jingchang Cai d/b/a Xincheng Company, Yin Hailin, Highot Inc., Qing Su, Xu Quiping, Shenzhen Hai Pai International Warehousing Services Limited, HiPacking, Inc. aka HiPacking Logistics aka Hipack Shenzhen Ltd., Jolyn Junyao Liu aka Jolyn Liu aka Jun Yao Liu aka Jun Liu, Chugang Guan, Jia Ning Liu, Xiao Dong Xu, Hyco International Trading Company LP, Bloom International, Inc., Feng Bai a/k/a Haku Bai, Christopher Teng Balmaseda aka Christopher Balmaseda, Tom Hua, Guangzhou Hongshuo Trading Co., Ltd., Family Mart Co., Ltd., Yuzhen Fu, Liao Houbin, Xiaomei Li a/k/a Li Xiaomei, Real Value International Trading Ltd., Wen Kun a/k/a/ Bruce Wen, Dongguan Haishengxin Hardware Co. Ltd. a/k/a Dongguan City, Sheng Sheng Hardware Products Co., Ltd. a/k/a Dongguan Bar.B.Q.S Hardware Co. Ltd., Xing Xiusheng, Xing Xianhong, Xing Chao, Hisencn Hardwareproduct Co., Ltd, HW Technology Co. Ltd. aka HLC Metal Parts Ltd. a/k/a HLC Electronics Co. Ltd., Feng Zhaohui a/k/a Feng Chaohui, Dongguan City and Wang (Mong) Electric Co., Ltd., Ding Bang Feng, Jia Min Fu, Qing Hua Xiao, Linda Lee, Zhu Hongyan, HLC International, Inc., Kingfa Global, Inc., Xiao Jun Gao, Wuxi Zhuocheng Mechanical Components Co. Ltd., Fu Long Jun | **JURY TRIAL DEMANDED** |

---

[1] Plaintiff MCM requests that this case be filed under seal so as not to alert the Defendants or other involved parties of the filing of this civil action. The *ex parte* application to file this action under seal and *ex parte* applications for a seizure order, a temporary restraining order, preliminary injunction, and to appoint Plaintiff's counsel as substitute custodians are being filed concurrently herewith.

a/k/a Longjun Fu, Mengyang Zhang, Huizhou Xiangfei Metal Products Co., Ltd, Huizhou Dada Industry Co., Ltd. a/ka/ Huizhou Well Industrial Co., Ltd., Tang Bing Zhang, Suntech Parts & Services, Inc. ("Suntech U.S."), a/k/a Premium Choice Outdoor Living, Inc., Suntech Parts and Services, Inc. ("Suntech Canada"), Heavy Duty BBQ Parts, BroilChef Enterprise, Inc.. Dragon Right Ltd., D&A Gourmet Co. Ltd, Oceanside BBQ Parts Factory Inc., Lucas Innovation, Inc. (British Virgin Islands), Lucas Innovation, Inc. (Taiwan), Lucas BBQ Co. Ltd., Grill Town Enterprises, Inc., BBQTek Enterprise, Inc., Debbie Pai, Sukhwinder Bedi a/k/a Sam Bedi a/k/a Sukhwinder Singh, Jui Terng Pai a/k/a Lucas Pai, Baldev Sandhu, Jatinder Hundal, Kuo-Min Yeh a/k/a Denny Yeh, Hsu Hsin Yang, Hui Feng Yang, and John Does 1-N and/or Jane Does 1-N

*Defendants*.

## VERIFIED COMPLAINT

Plaintiff Music City Metals Co., Inc. (hereinafter "MCM"), a manufacturer and wholesaler of after-market and replacement gas grill parts, files this Complaint for trademark infringement, federal unfair competition under the Lanham Act, trademark counterfeiting, state unfair competition, breach of contract, federal copyright infringement, and racketeer influenced corrupt organizations violations against Jingchang Cai d/b/a Xincheng Company, Yin Hailin, Highot Inc., Qing Su, Xu Quiping, Shenzhen Hai Pai International Warehousing Services Limited, HiPacking, Inc. aka HiPacking Logistics aka Hipack Shenzhen Ltd., Jolyn Junyao Liu aka Jolyn Liu aka Jun Yao Liu aka Jun Liu, Chugang Guan, Jia Ning Liu, Xiao Dong Xu, Hyco International Trading Company LP, Bloom International, Inc., Feng Bai a/k/a Haku Bai, Christopher Teng Balmaseda aka Christopher Balmaseda, Tom Hua, Guangzhou Hongshuo

Trading Co., Ltd., Family Mart Co., Ltd., Yuzhen Fu, Liao Houbin, Xiaomei Li a/k/a Li Xiaomei, Real Value International Trading Ltd., Wen Kun a/k/a/ Bruce Wen, Dongguan Haishengxin Hardware Co. Ltd. a/k/a Dongguan City, Sheng Sheng Hardware Products Co., Ltd. a/k/a Dongguan Bar.B.Q.S Hardware Co. Ltd., Xing Xiusheng, Xing Xianhong, Xing Chao, Hisencn Hardwareproduct Co., Ltd, HW Technology Co. Ltd. aka HLC Metal Parts Ltd. a/k/a HLC Electronics Co. Ltd., Feng Zhaohui a/k/a Feng Chaohui, Dongguan City and Wang (Mong) Electric Co., Ltd., Ding Bang Feng, Jia Min Fu, Qing Hua Xiao, Linda Lee, Zhu Hongyan, HLC International, Inc., Kingfa Global, Inc., Xiao Jun Gao, Wuxi Zhuocheng Mechanical Components Co. Ltd., Fu Long Jun a/k/a Longjun Fu, Mengyang Zhang, Huizhou Xiangfei Metal Products Co., Ltd, Huizhou Dada Industry Co., Ltd. a/ka/ Huizhou Well Industrial Co., Ltd., Tang Bing Zhang, Suntech Parts & Services, Inc. ("Suntech U.S."), a/k/a Premium Choice Outdoor Living, Inc., Suntech Parts and Services, Inc. ("Suntech Canada"), Heavy Duty BBQ Parts, BroilChef Enterprise, Inc.. Dragon Right Ltd., D&A Gourmet Co. Ltd, Oceanside BBQ Parts Factory Inc., Lucas Innovation, Inc. (British Virgin Islands), Lucas Innovation, Inc. (Taiwan), Lucas BBQ Co. Ltd., Grill Town Enterprises, Inc., BBQTek Enterprise, Inc., Debbie Pai, Sukhwinder Bedi a/k/a Sam Bedi a/k/a Sukhwinder Singh, Jui Terng Pai a/k/a Lucas Pai, Baldev Sandhu, Jatinder Hundal, Kuo-Min Yeh a/k/a Denny Yeh, Hsu Hsin Yang, Hui Feng Yang, and John Does 1-N and/or Jane Does 1-N (collectively, the "Defendants").

This complaint is being brought by MCM following numerous previous civil actions filed in the District Court of the Middle District of Tennessee against numerous counterfeiters and trademark infringers (the "Prior Actions"), some of whom are parties to this action. All of the Prior Actions have been resolved in favor of MCM. Despite these favorable resolutions, MCM has been unable to stem the tide of trademark infringement of its registered trademarks,

copyright infringement of its annual catalog, and the sale of counterfeit MCM products. Defendants and their related entities have, and continue to, utilize ecommerce sites, including but not limited to eBay (www.ebay.com) and Amazon (www.amazon.com) to market counterfeit products using MCM's registered trademarks and copyrights.

This Complaint is filed under seal and without notice to Defendants because Plaintiff has filed, concurrent with this Complaint, a motion for *ex parte* seizure order, accelerated discovery, and an order sealing the file, and a motion for an *ex parte* temporary restraining order and an order to show cause why a preliminary injunction should not issue. These steps are necessary because Defendants will likely destroy evidence or move their evidence out of the country if they receive notice of the filing of this action or of Plaintiff's *ex parte* motions. Plaintiff will serve this Complaint on Defendants once the requested seizure occurs.

## **PARTIES**

1.   The Plaintiff, MCM, is a Tennessee corporation having its principal place of business at 2633 Grandview Avenue, Nashville Tennessee 37211. MCM is a small business owned and operated by Hugh M. "Bo" Richardson that employs fifteen (15) people in the Middle District of Tennessee.

2.   The Defendants are identified throughout this Complaint. As further explained below, many of the Defendants in this action are the alter-ego of other Defendants, or acting as the agent, servant, employee, partner, subsidiary, or joint venturer of other Defendants for the purposes of infringing MCM's copyrights and registered trademarks and/or counterfeiting MCM's products. Various subsets of defendants appear to be conspiring with each other and/or unknown third parties, aiding and abetting other Defendants in the acts or omission

alleged herein, as part of an ongoing corrupt enterprise to infringe MCM's registered marks and/or counterfeit MCM's products.

3. MCM has organized the Defendants into four main groups based on their affiliations with certain key individual Defendants. The headings below correspond to the following four main groups:

      A.      The Xiao Related Defendants

      B.      The Jolyn Liu/Chugang Guan Related Defendants

      C.      The Lucas Pai Related Defendants

      D.      The John Doe and Jane Doe Defendants

4. Under each heading A-D identified above, the Defendants are further separated into groups based on Amazon seller names that those Defendants are known to be associated with.

## FACTUAL BACKGROUND

## Music City Metals – The Industry Leader

5. Since 1976, Music City Metals Co., Inc. ("MCM") has sold after-market and replacement parts for grills including home gas grills and has diligently worked to become the gas grill replacement parts industry leader that it is today.

6. The foundation for MCM's substantial store of goodwill and renown is MCM's painstaking study of the entire gas grill market.

7. At its product development center in Nashville, Tennessee, MCM conducts market research to identify grill parts that may need replacement and then develops after-market parts that can be used in the gas grills that it studies.

8. MCM assigns unique model numbers to these parts. These unique model numbers are well-known in the industry and indicate the source of these parts.

9.     Many of MCM's parts are developed to fit multiple grill models and are modified from the original parts such that the parts identified by MCM's unique model numbers often differ in structure from the parts they replace depending on the gas grill model.

10.    For example, based on MCM's study of new gas grills, it may determine that it needs to develop a new burner that can be used for multiple models by developing a straight pipe burner that has three igniter electrode mounting holes on each side of the venturi end of the burner, such that newly developed part would fit certain gas grill models that require three igniter electrode mounting holes on one side, other gas grill models that require three mounting holes on the other side, and perhaps even certain grill models that require less than three mounting holes depending on the distances between the mounting holes and the size of the mounting holes, which may also be adapted by MCM so that the burner fits multiple grills.

11.    In order to facilitate a customer's selection of the correct MCM unique model number part, MCM then originally selects, arranges, and coordinates photographs and/or illustrations of its parts, along with brand and model fitment data specific to MCM's unique model numbers, into a catalog that it publishes on a yearly basis.

12.    This catalog is available in print form and is also provided to many of MCM's over 250 authorized and licensed distributors in the form of an electronic database, which utilizes pointers to relate MCM's images to MCM's unique model numbers and brand and fitment data.

13.    MCM's electronic database is managed by a full time database administrator, Sam Rutherford, and overseen by MCM's President, Bo Richardson. The electronic database is continually updated on an almost daily basis.

14. MCM's brand and model fitment data, along with MCM's artwork and parts photographs, is protected by U.S. Copyright Registration No. TX 5-258-606 (*see* Exhibit 7), U.S. Copyright Registration No. TX 7-268-508 (*see* Exhibit 3; *see also* Exhibit 8 (a portion of the work covered by registration)), and U.S. Copyright Registration TX 7-925-681 (*see* Exhibit 5; *see also* Exhibit 9 (a portion of the work covered by the registration)) (hereinafter, "Copyrighted Works").

15. MCM sells its after-market and replacement parts under the MCM® and MUSIC CITY METALS® trademarks.

16. The MCM® mark has been used in commerce by MCM since at least as early as 2005 and is registered as U.S. Trademark Registration No. 4,196,254 (*see* Exhibit 1).

17. The MUSIC CITY METALS® mark has been used in commerce by MCM since at least as early as 1989 and is registered as U.S. Trademark Registration No. 3,995,498 (*see* Exhibit 2).

18. MCM has sold millions of dollars' worth of goods displaying the MCM® and MUSIC CITY METALS® trademarks.

19. MCM has expended millions of dollars promoting the MCM® and MUSIC CITY METALS® trademarks in association with its products and its company.

20. MCM uses the MCM® and MUSIC CITY METALS® marks nationwide and throughout the world.

21. As a result of MCM's widespread use of the marks, MCM has developed significant and extensive goodwill in the MCM® and MUSIC CITY METALS® trademarks and the products marketed under and/or bearing these marks are singularly associated and identified by the purchasing public as originating with MCM.

22. In addition to these registered marks, MCM's unique model numbers are widely recognized throughout the industry and serve as an indication of source.

23. As shown below and in Exhibit 4 attached hereto, one of the leading online parts stores, bbqparts.com, an authorized Music City Metals' distributor, receives so many requests from customers looking for a part by these unique model numbers that it has a separate searchable database available on its website.

## Music City Metals

### Gas Grill Parts Look Up by Music City Metals Part Number

Many grill part websites stock and sell replacement gas grill parts using the Music City Metals 5-digit part number. To make your search easier, we have provided a parts look up below for the Music City Metals Parts we stock and sell, Usually, the burner part number starts with "1" and the heat plate part number starts with "9".

Music City Metals is not a grill brand, but an after market manufacturer of replacement gas grill parts. We stock and sell many of their parts. These parts are listed on the individual gas grill brand pages on our site. We primarily sell their gas grill replacement burners and replacement heat plates.

We do, however, get requests from customers who are searching for a Music City Metals replacement gas grill part but do not know the brand..... they only have the Music City part number.

We have set up a database below that lists all the Music City parts we stock and sell. If you have a part number you are looking for, put the Music City part number in the database look up below to search for it on our site.

**Music City Metals Part Number:** [                    ] [ Search for Part Number ]

If you are looking for a Music City Metals gas grill replacement part and have the MCM 5-digit part part
and you can not find it in our MCM parts database listing, click here to go to a form to send a customer inquiry.

### Music City Metals' Prior Enforcement Actions

24. MCM has been a serial victim of the activity alleged in this Complaint.

25. MCM has not sat idly by as these actions have occurred, however. Because of this continued infringement and counterfeiting of MCM's trademarks and copyrighted works, as described below, MCM has already obtained several injunctions in this Court.

26. MCM filed an action against a portion of the Lucas Pai Defendants identified below in Civil Case No. 3:14-cv-00834 ("the Lucas Pai case"). This Court entered a permanent injunction on September 19, 2014 against Lucas BBQ Co. Ltd., Grill Town Enterprises, Inc., and BBQtek Enterprise, Inc. ("the Prior Lucas Pai Defendants") (*see* Exhibit 45).

27. MCM also filed an action against Lin and other related defendants in Civil Case No. 3:12-cv-01107 ("the Justin Lin case"). On December 29, 2014, this Court entered a permanent injunction entered against Justin Lin, Modern International Corp., and Modern Co., Ltd. (*see* Exhibit 46).

28. During the course of the Justin Lin case, MCM learned that Xiao Jin Hua, a former employee of Justin Lin and Modern Co. Ltd, and her husband, Hou Huanqing, and their companies King Shin International, and King Jing, LLC, were selling grill replacement parts online using MCM's intellectual property without authorization.

29. As a result, MCM filed suit against Xiao Jin Hua, Hou Huanqing, King Shin International, and King Jing, LLC ("the Prior Xiao Defendants") on January 21, 2015 (Civil Action No. 3:15-cv-00067; "the Nina Xiao case").

30. On March 11, 2015, after a hearing on MCM's motion for a preliminary injunction, this Court issued a preliminary injunction against the Prior Xiao Defendants (*see* Exhibit 78).

31. On March 20, 2015, a copy of this preliminary injunction was provided to Amazon requesting that all Amazon sellers associated with the Prior Xiao Defendants be removed from Amazon. Despite this request, the Prior Xiao Defendants continued to operate on Amazon and continued to sell products using MCM trademarks.

32. And, on February 24, 2016, this Court entered a permanent injunction against the Prior Xiao Defendants (*see* Exhibit 23).

## The Prior Xiao Defendants – Violation of this Court's Injunction

33. Despite the issuance of a permanent injunction by this Court, MCM has recently discovered that, upon information belief, the Prior Xiao Defendants are continuing to sell counterfeit MCM grill parts via various e-commerce websites, including www.amazon.com, www.ebay.com, and other websites identified herein using MCM's intellectual property without authorization.

34. Upon information and belief, the Prior Xiao Defendants continue to profit from their prior use of MCM's trademarks in violation of this Court's injunction by using different seller names on amazon.com and on ebay.com.

35. Upon information and belief, the Prior Xiao Defendants are continuing to operate a complex counterfeiting operation through various other Amazon and eBay seller names, as explained herein.

36. The Prior Xiao Defendants, along with some of the instant Defendants are utilizing new "brands," different seller names, and various other methods of concealment in an effort to avoid this Court's injunction, as further explained below.

## A. The Xiao Related Defendants[2]

37. As noted above, on February 24, 2016 this Court issued a permanent injunction against the Prior Xiao Defendants (*see* Exhibit 23).

38. On or about April 12, 2016, MCM sent this Court's February 24, 2016 injunction to Amazon.

---

[2] As set forth herein, the Xiao Related Defendants consist of individual and entities who appear to be related, all, or a sub-set of whom, being active co-conspirators working together to infringe MCM's registered marks and/or counterfeit MCM's products.

39. In response to this injunction and a writ of execution, on or about April 23, 2016, Amazon froze certain Amazon Seller accounts associated with the Prior Xiao Defendants (*see* Exhibits 20-21).

40. The main account frozen was the account tied to Amazon Seller bbqfactory. Amazon Seller bbqfactory sold certain grill parts branded as "bbq factory" products. One of the Prior Xiao Defendants, Xiao Jin Hua, is the owner of U.S. Trademark Registration No. 4,810,430 for BBQ FACTORY, which was denied registration on the Principal Register, and is thus registered on the Supplemental Register.

41. On or about May 6, 2016, an attorney for one of the Prior Xiao Defendants, King Shin International Co., Ltd., sent a letter to Amazon demanding that Amazon unfreeze the accounts (*see* Exhibit 20).

42. On or about May 16, 2016, Amazon's Associate General Counsel, Charles Wright, sent a response letter to King Shin International's attorney stating that the accounts associated with the Prior Xiao Defendants were frozen and blocked and inventory was being held pursuant to this Court's permanent injunction and a writ of execution served on Amazon (*see* Exhibit 21).

43. Amazon's Associate General Counsel advised King Shin International's attorney to contact the undersigned counsel should he have any questions about the permanent injunction or writ of execution (*see* Exhibit 21).

44. Despite this, and despite the impending loss of all inventory then held by Amazon, King Shin International's attorney has never contacted the undersigned counsel.

45. According to Amazon's legal department, Amazon subsequently destroyed/disposed of the held inventory, which consisted of at least 197,000 units, comprising 769 different

products. MCM is still working with Amazon on confirmation and further details regarding the destruction of inventory and disposition of the funds held by Amazon.

46.   MCM has recently discovered that, even with the issuance of a permanent injunction by this Court, which stated that "[d]ue to Defendants' willful infringement, Defendants are prohibited from operating an online e-commerce store that sells any and all grill parts sold by MCM," the Prior Xiao Defendants, through other individuals and entities, continue to sell grill parts sold by MCM online, including through www.amazon.com, www.ebay.com, and other websites identified herein, and the Prior Xiao Defendants continue to use MCM's intellectual property without authorization.

47.   Upon information and belief, Defendant Jingchang Cai d/b/a Xincheng Company (as described below) is conspiring with and acting in concert with the Prior Xiao Defendants as part of an ongoing corrupt enterprise designed to infringe MCM's registered marks and sell counterfeited MCM products.

48.   Upon information and belief Defendant Jingchang Cai utilizes an entity named Xincheng Company with an address at 8 Wenming Street, Guangchang Industrial, Zhangmutou, Dongguan, China in order to further this corrupt enterprise.

49.   Upon information and belief, King Shin International's final shipment of replacement grill parts to the United States arrived on May 3, 2016 (*see* Exhibit 22). It is likely that this shipment was en route to the United States prior to Amazon freezing King Shin International's accounts.

50.   Upon information and belief, Jingchang Cai/Xincheng Company's first shipment of replacement grill parts to the United States arrived on June 18, 2016 (*see* Exhibit 22). On information and belief this shipment occurred only after Amazon froze King Shin

International's accounts. Jingchang Cai/Xincheng Company continues to ship replacement grill parts to the United States.

51.   As seen in Exhibit 22, the gross weight, frequency of shipments, port of origin, markings on the products, and product description are all either identical, virtually identical, or very similar when comparing King Shin International's shipments prior to the freezing of their Amazon accounts with Jingchang Cai/Xincheng's shipments after the freezing of King Shin International's Amazon accounts (*see* Exhibit 21).

52.   With respect to King Shin International's shipments prior to the freezing of their Amazon accounts and Jingchang Cai/Xincheng's shipments after the freezing of King Shin International's Amazon accounts, the consignee address is typically an Amazon warehouse address (*see* Exhibit 22).

**Defendants Affiliated with Amazon Seller Direct Store**

53.   Upon information, Defendant Yin Hailin, an individual, is also conspiring with and acting in concert with the Prior Xiao Defendants as part of an ongoing corrupt enterprise designed to infringe MCM's registered marks and sell counterfeit MCM products. As discussed further below, on information and belief Yin Hailin operates as "Seller Direct Store" on Amazon with a seller ID of A2WOUY04D3IDVN (*see* Exhibit 24).

54.   Amazon Seller Direct Store sells at least seventy (70) different items using multiple listings tied to the "bbqfactory" brand previously used by the Prior Xiao Defendants.

55.   These listings, some of which have been edited to remove references to MCM, are tied to a large number of customer reviews received while using MCM's marks.

56. Product listings linked to customer reviews received as a result of their use of MCM's marks and unique model numbers drives new customers to the Prior Xiao Defendants' product listings despite that some of their listings no longer employ MCM's marks.

57. By engaging in this activity the Prior Xiao Defendants are surreptitiously and illegally transferring consumer recognition and goodwill from MCM to themselves and those acting in concert with them, such as Yin Hailin.

58. Yin Hailin is identified as the owner of U.S. Trademark Registration Application No. 87/131,553 for DIRECT STORE, which was filed on August 9, 2016, and is associated with an address at Unit 140, Shenhua Commercial Building, Nanhu Rd., Shenzhen, Guangdong, China.

59. A portion of the specimen submitted to the USPTO for the DIRECT STORE trademark registration application is shown below:



60. As can be seen by Seller Direct Store's Amazon listing for ASIN B01G678CT6, which uses this image, the specimen of use filed with the USPTO is clearly fraudulent and has been digitally altered in an attempt to show use of the DIRECT STORE trademark (compare marking of "Direct store" on photograph above to absence of such marking on photograph below).



61. Upon information and belief, the same individuals/entities behind Seller Direct Store on Amazon also operate as bbqpartsfamily on eBay selling, for example, the same product shown above. The eBay listing for this product identifies the manufacturer's part number (MPN) as BP101 (*see* Exhibit 14, p. 2).



62. As shown below, the eBay listing for this product identifies the item number as 93901 (a unique MCM model number). The eBay listing further identifies the product in the details section as "Stainless Stee flavorizer bars" (misspelling in original).

Material: Stainless Steel;
Dimensions: 21-1/2" x 2";
Condition: New;

Fits:
Weber (5) Pack Stainless Steel Replacement Flavorizer Bars,Aftermarket;

Weber Models: For Spirit E-210, Genesis Silver A & Spirit 500 Gas Grills;

Replaces old Weber part # 9811;

Stainless Stee flavorizer bars;

Item number: 93901;

# 7534,7535;

item 824963;

63. As shown below, this same information is used by eBay seller factory-pro-store, also believed to be operating in concert with the Prior Xiao Defendants, including the misspelling noted above (*see* Exhibit 13, p. 3):



64. Similar images and virtually identical listing information is used by eBay seller bbqpartsfamily and eBay seller factory-pro-store, for multiple product listings on eBay.

65. The Prior Xiao Defendants also previously operated using the eBay seller name savemoney66.

66. eBay seller partsdiscountcenter, also believed to be operating in concert with the Prior Xiao Defendants, sells items on eBay using savemoney66 across images used on eBay, as shown below (*see* Exhibit 16).



67. As with eBay sellers bbqpartsfamily and factory-pro-store, multiple bbqfactory listings on Amazon now sold by Amazon seller Direct Store are also sold by eBay seller partsdiscounter on ebay.com using the same images, one example of which is shown below (*see* Exhibit 17).




68. eBay seller factory-pro-store, eBay seller partsdiscounter, and Amazon seller Direct Store (selling bbqfactory products) use many of the exact same images and also listing information as shown in example below (*see* Exhibit 18, p.5, which also shows that partsdiscounter identifies savemoney66 as the manufacturer for this listing):



69. In another example, eBay seller partsdiscounter sells a replacement porcelain steel heat plate on eBay using the following images (*see* Exhibit 19) with identical descriptions:



| savemoney66 watermark on all heat plates used by partsdiscounter (*see* Exhibit 19, p. 3) | BBQ factory watermark on first heat plate used by partsdiscounter (*see* Exhibit 19, p. 7) | BBQ factory watermark on first heat plate used by factory-pro-store (*see* Exhibit 19, p. 14) |
|---|---|---|

77. The Prior Xiao Defendants sold the same heat plates on Amazon using the following image (see Exhibit 19, p. 20):



## Defendants Affiliated with Amazon Seller HIGHOT Inc.

78. Upon information and belief, the Prior Xiao Defendants are further believed to be associated and acting in concert with various entities and individuals who at one point operated (as discussed further below) as Amazon seller HIGHOT Inc., as part of an ongoing corrupt enterprise to infringe MCM's registered marks in an effort to sell counterfeit MCM products on various e-commerce websites, including Amazon and eBay.

79. Upon information and belief, Defendant Highot Inc. is a dissolved California corporation that operated at 20895 Currier Road, Unit B, Walnut, CA 91789 and 14389 Proctor Ave. #E, La Puente, CA 91746.

80. Upon information and belief, Defendant Qing Su, an individual, is resident of China and one of the active agents behind Highot Inc. and has an address at 20895 Currier Road, Unit B, Walnut, CA 91789 and 14389 Proctor Ave. #E, La Puente, CA 91746.

81. Highot Inc. is listed as the owner of U.S. Trademark Registration Application Serial No. 86/679,871 for SUNKISSED, which has been abandoned. Amazon seller S.O.D. currently sells a burner identified as a "Sunkissed" burner (*see* Exhibit 33).

82.    Upon information and belief, Defendant Xu Qiuping, an individual, is a resident of China, and has an address at 20895 Currier Road, Unit B, Walnut, CA 91789 and does business in the United States at 14389 Proctor Ave. #E, La Puente, CA 91746. Xu Quiping signed the SUNKISSED trademark registration application as the President of Highot, Inc.

83.    Upon information and belief, Highot Inc., Qing Su, and Xu Quiping operated on Amazon as seller HIGHOT Inc. with a seller ID of A32VZKM4QFCXHK, using brand names such as Hongso, BBQ-Parts, Gas Barbeque Parts Factory, The Red BBQ, and Hyco.

## B.  The Jolyn Liu/Chugang Guan Related Defendants[3]

84.    The Prior Xiao Defendants are also tied to several other instant Defendants, all identified under this heading: B. The Jolyn Liu/Chugang Guan Defendants, and referred to collectively herein as the Jolyn Liu Defendants.

85.    These Defendants have several ties to The Prior Xiao Defendants which will be identified below. Further, upon information and belief, the Jolyn Liu Defendants are also linked to each other and are associated and acting in concert with various entities and individuals operating as part of an ongoing corrupt enterprise to infringe MCM's registered marks in an effort to sell counterfeit MCM products on various ecommerce websites, including Amazon and eBay.

86.    As noted above, the Prior Xiao Defendants operated as bbqfactory on Amazon.

87.    Xiao Jin Hua previously operated using the domain bbqfactory-us.com.

88.    Upon information and belief, the most prevalent previous sellers of "bbq factory" branded products on Amazon included Amazon sellers Hyco Shop, BBQ Mart, Cooland, BBQ-Parts, EmaiINN, TideDealz (now BBQ Energy), BBQ Funland, BAR.B.Q.S, and Parts

---

[3] As set forth herein, the Jolyn Liu/Chugang Guan Defendants consist of individual and entities who appear to be related, all, or a sub-set of whom, being active co-conspirators working together to infringe MCM's registered marks and/or counterfeit MCM's products.

Kingdom, all believed to be linked to the Prior Xiao Defendants and the Jolyn Liu Defendants as discussed further below.

89. These sellers appear to have a pattern of creating "brand names" for the purpose of concealing their identity and creating an artificial marketplace for their products, many of which have been sold using MCM trademarks or MCM's unique model numbers.

90. Amazon seller Parts Kingdom was removed from Amazon.com because of a direct tie to the Prior Xiao Defendants.

91. Amazon seller Parts Kingdom used the "brand names" Hongso, BBQ-Parts, Gas Barbeque Parts Factory, The Red BBQ, and Hyco.

92. Upon information and belief, Amazon seller EmaiINN was removed from Amazon.com because of a tie to the Prior Xiao Defendants.

93. Amazon seller EmaiINN used the "brand names" Hongso, BBQ-Parts, Gas Barbeque Parts Factory, The Red BBQ, and Hyco.

94. Upon information and belief, Amazon seller TSINY MOTOR was removed from Amazon.com because of a tie to the Prior Xiao Defendants.

95. Amazon seller TSINY MOTOR used the "brand names" Hongso, BBQ-Parts, Gas Barbeque Parts Factory, The Red BBQ, and Hyco.

96. Amazon seller TSINY MOTOR also used the "brand name" TSINY, which was used by Amazon Seller Parts Kingdom and Amazon Seller Cooland, all of which are believed to be linked to the Prior Xiao Defendants and the Jolyn Liu Defendants as discussed further below.

97. The "brand name" TSINY is now used by Amazon seller Kingfa Global, believed to be linked to the Prior Xiao Defendants and the Jolyn Liu Defendants as discussed further below (*see* Exhibit 32, p. 2, 7).

98. Upon information and belief, Amazon seller HIGHOT INC was removed from Amazon.com because of a tie to the Prior Xiao Defendants.

99. Amazon seller HIGHOT INC used the "brand names" HIGHOT and Sunkissed and is also believed to be linked to the Prior Xiao Defendants and the Jolyn Liu Defendants as discussed further below.

100. It has been discovered, with respect to two Amazon listings previously used by Music City Metals in prior actions to show consumer confusion, that Amazon seller Hyco Shop also sold items using the same advertisements.

101. In one example shown below, on a customer review page for an item bearing a MCM unique model number, one customer expressed thanks to MCM for its service when in fact it was reviewing a product sold by Hyco Shop and other Defendants (*see* Exhibit 11, p. 4).

This review is from: 92071 (3-pack) Replacement Porcelain Steel Heat Plate/shield for Select Gas Grill Models By Kenmore, Master Forge and Others
We tried to order replacement parts for our Kenmore grill from Sears. In the process we were not told that items were out of stock and we waited and waited. Finally, I searched for replacement items online and found this. Works and fits perfectly and cancelled the Sears order. Thanks Music City Metals!

102. Amazon sellers BBQ Mart and TideDealz, believed to be linked to the Prior Xiao Defendants and the Jolyn Liu Defendants as discussed further below, also sold items using this advertisement.

103. In another example shown below, a similar instance of confusion occurred on another product review page where a customer commended MCM for its quality product, in a review made on Defendants' Amazon.com listing (*see* Exhibit 12, p. 3).



**This review is from: 93321 (4-pack) Porcelain Steel Heat Plate Replacement for Select Gas Grill Models, Charbroil and Others (Lawn & Patio)**
On any charbroil product the one thing that is consistantly bad is the quality of th flame spreaders. These are on par with the originals and will probably need to be replaced in the same time span. I will applaud Music City Metals on thier fast shipping and great packaging

104. Amazon sellers BBQ Mart, TideDealz, and Cooland, believed to be linked to the Prior Xiao Defendants and the Jolyn Liu Defendants as discussed further below, also sold items using this advertisement.

105. It is important to note in the two preceding examples of actual consumer confusion, that Defendants were not using the trademark MCM® or Music City Metals® for these particular advertisements, yet customers recognized MCM's unique model numbers 92071 and 93321 as an identifier of an MCM product.

106. The following sections (up and until main heading C. The Lucas Pai Related Defendants) relate to various Jolyn Liu Defendants known to be tied to particular seller names on Amazon and eBay. As noted above, these defendants are also linked in various ways to the Prior Xiao Defendants.

**Defendants Affiliated with Amazon Seller Hyco Shop/BBQ Expert
and eBay Seller pzbbq**

107. Upon information and belief, Defendant Shenzhen Hai Pai International Warehousing Services Limited (深圳海派艇国际仓储服务有限公司) is a corporation organized and existing under the laws of China operating at Longhua New District, Longhua Street, Longhua Street 662, Lai Yuen Building, Block C, 1304, Shenzhen, China, and also at

2023-1, Building B, Tianhui Building, Longdong Road, Longhua New District, Shenzhen, China.

108. Upon information and belief, Defendant Shenzhen Hai Pai International Warehousing Services Limited operates in the United States as Defendant HiPacking, Inc. a/k/a HiPacking Logistics a/k/a Hipack Shenzhen Ltd. and also as Defendant Hyco International Trading Company, LP. (further discussed below).

109. Defendant HiPacking, Inc. aka HiPacking Logistics a/k/a Hipack Shenzhen Ltd. is a corporation organized and existing under the laws of Georgia with its principal place of business at 2885 N. Berkeley Lake Rd. NW, Suite 9, Duluth, GA 30096. Upon information and belief, HiPacking Inc. operates and controls the e-commerce portal http://www.hipacking.com (*see* Exhibit 31, p. 3).

110. Upon information and belief, Defendant Hipacking, Inc. works with multiple other Jolyn Liu Defendants in an attempt to legitimize their counterfeit operations. The following is a screenshot taken from a Google translation of hipacking.com:

**What is your company name, what are you doing? Where is the warehouse?**
We are Shenzhen Haidai International Warehousing Services Co., Ltd., the US company HiPacking Inc .. Is a company specifically for China's cross-border electricity providers to provide US warehousing services. Referred to as overseas warehouse. American warehouses are located in the city of Atlanta, Georgia.

**2. What services do you have?**
We are personalized overseas warehouse, with a full set of service advantages. Will be tailored for each customer of our warehousing services. We provide the services: 1. The first course of China - the United States, 2. US warehousing, 3 warehousing package parcels, 4.FBA transshipment, 5. FBA returns, 6. Collection of goods, 7. Product inspection, 8. Return to the United States - China, 9. Unsurpassed products sold in the United States under the line, 10. Scheduled sales, 11. Agency registration, 12. Company tax registration, 13. US trademark registration, 14. Acting US bank account, and so on.

111. Defendant Hyco International Trading Company, LP is a Domestic Limited Partnership organized and existing under the laws of Georgia with its principal place of business at 163 Hickory Dr. S., Martinez, GA 30907. Hyco International Trading Company, L.P. was

previously listed as the registrant of hycoparts.com, which was also identified by HYCO Parts, LLC with an address at 1111 Brookwood Dr. South, Augusta, GA 30909 (*see* Exhibit 30, p. 4).

112. Defendant Jolyn Junyao Liu aka Jolyn Liu aka Jun Yao Liu aka Jun Liu ("Jolyn Liu") is, on information and belief, a resident of Georgia. On information and belief, Jolyn Liu is one of the active agents behind HiPacking Inc. and Hyco International Trading Company, LP. Over the past five years, Jolyn Liu has been associated with the following addresses, all in Georgia: A) 2870 N. Berkeley Lake Rd. NW, Suite 6, Duluth, GA 30096; B) 2885 N. Berkeley Lake Rd. NW, Suite 9, Duluth, GA 30096; C) 163 Hickory Dr. S., Martinez, GA 30907; and D) 1111 Brookwood Dr. South, Augusta, GA 30909. Jolyn Liu is listed as the registrant of hycoshop.com which sells grill parts under the "brand name" Vicool (*see* Exhibit 30, p. 4; *see also* Exhibit 28, p. 2). Jolyn Liu was previously listed as owner of U.S. Trademark Registration Application Serial No. 87/199,008 for VICOOL. Jolyn Liu is the signatory for this application. The application lists 3383 Misty Harbour Trl, Atlanta, Georgia 30340 as the address for Hyco International Trading Company.

113. Defendant Chugang Guan/Guan Chugang is, on information and belief, a resident of China. On information and belief, Chugang Guan is one of the active agents behind HiPacking Inc. and Hyco International Trading Company, L.P., and regularly does business at 2885 N. Berkeley Lake Rd. NW, Suite 9, Duluth, GA 30096. Records of the Georgia Secretary of State for Hyco International Trading Company, L.P., showing Chugang Guan to be a partner with Jolyn Liu, also show Chugang Guan having an address at #1 Huaguoshan Blvd, Baiyun District Junhe Street Mashi Village, China.

114. Upon information and belief, Chugang Guan operated on eBay using the seller name "bbqfactory." Upon information and belief, in connection with seller name "bbqfactory," Chugang Guan used the same address in China that Xiao Jin Hua is known to have used.

115. Defendant Jia Ning Liu (刘家宁) is, on information and belief, a resident of Georgia with an address at 163 Hickory Dr. S., Martinez, GA 30907. On information and belief, Jia Ning Liu is a shareholder in and one of the active agents behind Shenzen Hai Pai International Warehousing Services Limited doing business as noted above in the United States at 2885 N. Berkeley Lake Rd. NW, Suite 9, Duluth, GA 30096.

116. Defendant Xiao Dong Xu is, on information and belief, a resident of China. On information and belief, Xia Dong Xu is one of the active agents behind Shenzen Hai Pai International Warehousing Services Limited doing business as noted above in the United States at 2885 N. Berkeley Lake Rd. NW, Suite 9, Duluth, GA 30096.

117. Upon information and belief, Shenzhen Hai Pai International Warehousing Services Limited, HiPacking Inc., Hyco International Trading Company L.P., Jolyn Liu, Guan Chugang, Jia Ning Liu, and Xiao Dong Xu operate on the e-commerce website amazon.com as seller Hyco Shop with a seller ID of A10GUBY1MO8XF4, using brand names such as "Hyco," "Hyco Shop," "Vicool," "BBQ Mart," Red BBQ," and "Parts Zone - BBQ Expert." These Defendants also operate on Amazon under the seller name BBQ Expert. These defendants also operate on eBay using seller name pzbbq. These Defendants use the Hyco Logo shown below in connection with their products.

118. As of April 18, 2017, the only remaining "bbq factory" branded listing that does not have the "bbq factory" logo instead has the HYCO logo as seen below and on Exhibit 27, p. 2.



**Defendants Affiliated with Amazon Seller BBQ-Parts
and eBay Seller 2013decoshop**

119. It has further been discovered that the entities operating on Amazon as seller BBQ-Parts are also tied to Xiao Jin Hua and have also sold many items sold by Xiao Jin Hua which led to actual confusion with MCM.

120. For example, as reported from one of MCM's distributors, a customer was "not only confused about which company he ordered from but was significantly disappointed with the quality of the product which he did order." That particular customer ordered a grill labeled as "MCM 68763." MCM uses a "6" at the start of its numbering system to indicate a part made from cast iron. The customer was disappointed that the part was made of cheap stainless steel, and thought he was ordering an MCM product (*see* Exhibit 15).

121. Upon information and belief, Defendant Guangzhou Hongshuo Trading Co., Ltd., operates at Room 516, No. 74 Mawu Union East Street, Baiyun District, Guangzhou, Guangdong, China. Guangzhou Hongshuo Trading Co., Ltd. owns U.S. Trademark Registration No. 4,951,322 for HONGSO.

122. Defendant Chugang Guan, associated as noted above with Amazon Sellers Hyco Shop/BBQ Expert and eBay Seller pzbbq, is identified as the correspondent listed on the HONGSO trademark registration application. On this application, Chugang Guan used an address of No. 259, Wensan Road, Rm. 604, No. 1 Changdi Hangzhou, Zhejiang, China. The whois records for the domain bbqparts-us.com identifies Guan Chugang as the registrant with a phone number of 86.13609730034 (*see* Exhibit 41, p. 3), which is the same phone number listed in the whois records for hycoshop.com where Jolyn Liu is identified as the registrant (*see* Exhibit 29, p. 3). Replacement grill parts branded as "BBQ-Parts" were available on bqparts-us.com (*see* Exhibit 40).

123. Upon information and belief, Defendant Guangzhou Hongshuo Trading Co., Ltd., operates in the United States as Defendant Bloom International, Inc. Bloom International Inc. is a corporation organized and existing under the laws of Nevada with its principal place of business at 2850 W. Horizon Ridge Parkway, Suite 200, Henderson, NV 89052.

124. Upon information and belief, Defendant Feng Bai/Bai Feng is one of the active agents behind Bloom International Inc., and has addresses at: A) 475 Grand Central Parkway, Las Vegas, NV 89106; B) 147 Junipero Serra Dr., San Gabriel, CA 91776; C) 2850 W. Horizon Parkway, Suite 200, Henderson, NV 89052; D) 631 N. Stephanie St. #361 Henderson, NV 89014; E) 3103 Tower A, Jia Zhao Ye Da Du Hui Buji, LongGan District, Shenzhen City, Guangdong China; and F) 70 McCullough Dr #R1738, New Castle, DE 19720. Feng Bai is listed as the owner of U.S. Trademark Registration Application No. 86/243,873 for BBQ-PARTS, which has been abandoned. Feng Bai's address is identified as 3103 Tower A, Jia Zhao Ye Da Du Hui Buji, LongGan District, Shenzhen City, Guangdong China on this application.

125. As noted above, Xia Jin Hua is the owner of U.S. Trademark registration No. 4,810,430 for BBQ FACTORY.

126. As noted above, Feng Bai, who is one of the individuals operating as Amazon seller BBQ-Parts, is the owner of U.S. Trademark Registration Application No. 86/243,873 for BBQ-PARTS.

127. The description of goods and services for the BBQ FACTORY trademark is identical to the description of goods and services for the BBQ-PARTS trademark used by Feng Bai (*see* Exhibit 42).

128. The original specimen of use filed for the BBQ-PARTS trademark application is shown below beside the use of this same image (absent the digitally altered bbq-parts mark) with "bbq factory" products:

| "bbq factory" online advertistement | Specimen for BBQ-PARTS |
|---|---|
|  | |

129. Upon information and belief, Feng Bai is also known as Haku Bai and operated on eBay.com using the seller name bbq-parts.

130. Upon information and belief, Haku Bai, who operated as eBay seller bbq-parts, and believed to be Feng Bai, used the same email address in connection with eBay seller bbq-parts as Feng Bai, who operates using this email address as Amazon seller BBQ-Parts. Upon information and belief, Haku Bai (in connection with eBay seller bbq-parts) also used the same address that Guan Chugang used in connection with Hyco International Trading Company, L.P. with the Georgia Secretary of State.

131. Upon information, Christopher Teng Balmaseda aka Christopher Balmaseda is also one of the active agents behind Bloom International, Inc. and acts as corporate secretary for Bloom International, Inc. Balmaseda has an address at 2850 W. Horizon Ridge Parkway, Henderson, NV 89052.

132. Upon information and belief, Tom Hua is the registered agent for Bloom International Inc., and has an address at 475 Grand Central Parkway, Las Vegas, NV 89106.

133. Upon information and belief, Guangzhou Hongshuo Trading Co., Ltd., Bloom International Inc., Feng Bai, Christopher Teng Balmaseda, and Guan Chugang (collectively, the "BBQ-Parts Defendants") operate on the e-commerce website amazon.com as seller BBQ-Parts with a seller ID of A30N0K82PCB3XJ, using brand names such as "Hongso," "BBQ Parts," "bbq factory," "Vicool," and "Hyco" and also operate on ebay.com as seller 2013decoshop and previously operated the domain bbq-part.com (*see* Exhibit 39, p. 4, showing Christopher Balmaseda as registrant).

134. The "BBQ-Parts Defendants have commercially advertised and continue to commercially advertise various of their grill parts products as "FDA Approved" in interstate commerce by incorporating the "FDA Approved" logo into images of their products sold on Amazon.com as shown below.



135. Examples of the BBQ-Parts Defendants' use of the "FDA Approved" logo in connection with their products are provided in Exhibits 35 to 38.

136. Obtaining formal FDA approval for any product is a complicated and time consuming process that requires various submissions to the FDA.

137. Upon information and belief, the grill parts products advertised as "FDA Approved" by the BBQ-Parts Defendants have not gone through the FDA approval process and are not the subject of an approved application for Pre-Market Approval.

138. Upon information and belief, the grill parts products advertised as "FDA Approved" by the BBQ-Parts Defendants are not in fact approved by the FDA in any way, and the BBQ-Parts Defendants' use of the "FDA Approved" logo to advertise their grill parts products is without authorization by the FDA.

## Defendants Affiliated with Amazon Seller BBQ Mart

139. Various entities associated with Amazon Seller BBQ Mart are also tied to the Prior Xiao Jin Hua Defendants and the Jolyn Liu Defendants.

140. Upon information and belief, Defendant Family Mart Co., Ltd. is a corporation organized and existing under the laws of China with its principal place of business at Hongling Building, Futian District, Hongling South Road, Shenzhen 518000, Guangdong, China. Upon information and belief, Defendant Family Mart Co., Ltd. operates and controls the e-commerce portal http://www.bbq-mart.com.

141. Upon information and belief, Yuzhen Fu is one of the active agents behind Family Mart Co., Ltd. and has an address at Hongling Building, Futian District, Hongling South Road, Shenzhen 518000, Guangdong, China.

142. Upon information and belief, Liao Houbin (廖厚彬) is one of the active agents behind Family Mart Co., Ltd. and has an address at No. 696 Fenghenan Avenue, Honggutan New District, Nanchang City, 330000 Jiangxi, China, and 1303 116 Bldg Bai Shi Long, Longhua District, Shenzen, Guangdong, China.

143. Prior to March 4, 2016, Liao Houbin was identified as the registrant of the domain bbq-mart.com (*see* Exhibit 43, p. 4).[4]

---

[4] According to the whois database, the current registrant for this domain is masked by a privacy company, Nexperian Holding Limited of Zhejiang Province China (*see* Exhibit 44).

144. Liao Houbin is listed as the correspondent for U.S. Trademark Registration Application Serial No. 86/811,379 for BBQ MART, which was filed on November 5, 2015 (the same day as the BBQ FUNLAND mark referenced below), and has been abandoned. The specimen submitted for this trademark registration application is shown below:



145. Upon information and belief, Family Mart Co., Ltd., Yuzhen Fu, and Liao Houbin operate on the e-commerce website amazon.com as seller BBQ Mart with a seller ID of AKGQFBLG4P1XY, using brand names such as "BBQ Mart," "Vicool," "Hotsizz," and "The Red BBQ."

**Defendants Affiliated with Amazon Seller BBQ funland**

146. Various entities associated with Amazon Seller BBQ Funland are also tied to the Prior Xiao Jin Hua Defendants and the Jolyn Liu Defendants.

147. Upon information and belief, Defendant Xiaomei Li aka Li Xiaomei has addresses at A) 1508 A# Chengshixinzuo, Yuanzhou Town Boluo District, Huizhou City, 510000 Guangdong, China and B) 9-7A Building, Zhongming Haoyuan, Songling XinCun, Danshui Street, Huiyang District, Huizhou City, 516200 Gaungdong China.

148. Li Xiamoei is listed as the correspondent for U.S. Trademark Registration Application Serial No. 86/811,350 for BBQ FUNLAND, which has been abandoned. The registration application for BBQ FUNLAND was filed on the November 5, 2015, the same day that the registration for BBQ MART, referenced above, was filed. The description of goods and services for both marks are strikingly similar, as are the specimens. In both cases, the specimens have been digitally altered in an attempt to show use of the marks. The specimen submitted for this trademark registration application is shown below:



Liao Houbin, the individual listed as the correspondent for the BBQ MART trademark registration application filed on the same day as the BBQ FUNLAND trademark registration application (further discussed above) and the individual identified as the registrant of the domain bbq-mart.com (*see* Exhibit 43, p. 4) is identified as the registrant of the domain bbqfunland.com (*see* Exhibit 47, p. 3).

149. Upon information and belief, Liao Houbin and Li Xiaomei operate on Amazon as seller BBQ funland with a seller ID of AYYQ9K90MEZHU, using such brand names as "BBQ funland" and on ebay.com as bbq-funland.

**Defendants Affiliated with Amazon Seller Real Value Metals**

150. Various entities associated with Amazon Seller Real Value Metals are also tied to the Prior Xiao Jin Hua Defendants and the Jolyn Liu Defendants.

151. Upon information and belief, Defendant Real Value International Trading Ltd. is a Chinese corporation having and address at Room C, 15/f Hua Chiao Commercial Center, 678 Nathan Rd., Mongkok, Kowloon, 999077 Hong Kong, China and at Pingxiang Industrial Area, Zhen Cun Village, Yuanzhou Town, Huizhou City, 516123 KLN, Guangdong, China.

152. Upon information and belief, Defendant Wen Kun a/k/a Bruce Wen is one of the active agents behind Real Value International Trading Ltd. (*see* Exhibit 48, p. 9).

153. Upon information and belief, Defendant Li Xiaomei is also one of the active agents behind Real Value International Trading Ltd. (*see* Exhibit 48, p. 9).

154. Real Value International Trading Ltd. is the owner of U.S. trademark registration application No. 87/006,923 for GRILL VALUEPARTS, which was filed on April 20, 2016. Wen Kun signed the application as owner.

155. Upon information and belief, Defendants Real Value International Trading Ltd. and Wen Kun operate and control the e-commerce portal http://grillvalueparts.com,[5] which was created on April 19, 2016.

156. Upon information and belief, Real Value International Trading Ltd. and Wen Kun operate and control the e-commerce website amazon.com as seller Real Value Metals with a seller ID of A2X777DAMEM3UY.

**Defendants Affiliated with Amazon Seller BAR.B.Q.S**

157. Upon information and belief, Amazon seller Bar.B.Q.S is also tied to the Prior Xiao Jin Hua Defendants and the Jolyn Liu Defendants.

---

[5] According to the whois database, the current registrant for this domain is masked by a privacy company, Nexperian Holding Limited of Zhejiang Province China.

158. Upon information and belief, Defendant Dongguan Haishengxin Hardware Co. Ltd. a/k/a Dong Guan Shi Hai Sheng Xin Hardware Co., Ltd a/k/a Dongguan City, Sheng Sheng Hardware Products Co., Ltd. (东莞市海盛鑫五金制品有限公司) a/k/a Dongguan Bar.B.Q.S Hardware Co. Ltd is a corporation organized and existing under the laws of China with its principal place of business at 7B 501, Phase 2/ Phase II, Yuluhuating, Dali Village Qingxi Town, Dongguan 52300, Guangdong China. Upon information and belief, Defendant Dongguan Haishengxin Hardware Co. Ltd. has operated and controlled the e-commerce portal http://www.bbqsgrill.com since May 23, 2016 (*see* Exhibit 50, p. 3).

159. Upon information and belief, Defendant Xing Xiusheng (邢修胜) and Defendant Xing Xianhong (邢献红) are the active agents behind Dongguan City, Sheng Sheng Hardware Products Co., Ltd.

160. Upon information and belief, Defendant Chao Xing/Xing Chao is one of the active agents behind Dongguan Haishengxin Hardware Co. Ltd. and has addresses at A) Lizhong Road, Dali Village Qingxi Town, Dongguan 523000, Guangdong China; B) 7B 501, Phase 2/ Phase II, Yuluhuating, Dali Village Qingxi Town, Dongguan 52300, Guangdong China; and C) No. 45 Xianmang Western Road, Dongguan, Guangdong China.

161. Upon information and belief, Dongguan Haishengxin Hardware Co. Ltd. and Xing Chao operate on Amazon as seller BAR.B.Q.S with a seller ID of APFS3AN86MKUI, using brand names such as "Bar.B.Q.S," "BBQ Mart," "The Red BBQ," "Hotsizz," and "HOT" and further operate on eBay as bar.b.q.s and on eBay as dailylife.

162. Xing Chao is listed as the correspondent for U.S. Trademark Registration Application Serial No. 86/665,094 for BAR.B.Q.S, which was abandoned. The specimen filed for

BAR.B.Q.S appears to have been digitally altered in an attempt to show use of the mark, as recognized by the USPTO.

163. Xing Chao is also listed as the correspondent for U.S. Trademark Registration Application No. 87/143,888 for HISENCN which was filed on August 19, 2016, and which is pending. The specimen filed for HISENCN also appears to have been digitally altered in an attempt to show use of the mark, although the USPTO did not reject the specimen. A part of the specimen initially submitted for this trademark registration application is shown below:



164. Upon information and belief Hisencn Hardwareproduct Co., Ltd, a Colorado corporation, formed on September 12, 2016, and having a principal place of business at 156J South 18th Avenue Suite A, Brighton, CO 80601 is acting in concert with Dongguan Haishengxin Hardware Co. Ltd. and Xing Chao. Yu Sheng is the registered agent for Hisencn Hardwareproduct co., Ltd.

165. Upon information and belief, Dongguan Haishengxin Hardware Co. Ltd., Xing Chao, and Hisencn Hardwareproduct Co., Ltd operate as the aliexpress Seller Millons and eBay seller bar.b.q.s (*see* Exhibit 49).

166. Upon information and belief, Dongguan Haishengxin Hardware Co. Ltd., Xing Chao, and Hisencn Hardwareproduct Co., Ltd operate as eBay seller xinguiout8_0, who currently sells Bar.B.Q.S products as shown below (*see* Exhibit 51):



167. Upon information and belief, Dongguan Haishengxin Hardware Co. Ltd., Xing Chao, and Hisencn Hardwareproduct Co., Ltd operate as the aliexpress Seller Bar.B.Q.S (see Exhibit 52) since September 20, 2016. The contact person for this seller is identified online as Xing XiuSheng (*see* Exhibit 52, p. 7). A selection of offerings for this seller is shown below (*see* Exhibit 52).



168. Aliexpress Seller Bar.B.Q.S and Amazon seller use the same images but different logos in their listings as shown below  (*see* Exhibit 53):



169. A larger version of their respective logos is shown below:



**Defendants Affiliated with Amazon Seller Cooland**

170. Upon information and belief, Amazon seller Cooland is also tied to the Prior Xiao Jin Hua Defendants and the Jolyn Liu Defendants.

171. Upon information and belief, Defendant HW Technology Co. Ltd. a/k/a HLC Metal Parts Ltd. a/k/a HLC Electronics Co. Ltd is a corporation organized and existing under the laws of China with its principal place of business at B Block, Jintang Industrial Zone, Dongshen 2nd Road, Tangxia Town, Dongguan, China 523710, Guangdong China and Floor 1&3, Block B, Jintang Industry Park, No. 9, Dongshenheng Road, Tangxia Town, Dongguan, Guangdong, China 523710. HLC Metals Parts Ltd. maintains a website at hlc-metalparts.com (*see* Exhibit 54, p. 4, showing Zhu Hongyan as contact).

172. Upon information and belief, Defendant Feng Zhaohui a/k/a Feng Chaohui is one of the active agents behind HW Technology Co. Ltd. aka HLC Metal Parts Ltd. and has an address at B Block, Jintang Industrial Zone, Dongshen 2nd Road, Tangxia Town, Dongguan, Guangdong, China 523710.

173. Upon information and belief, Defendant Dongguan City and Wang (Mong) Electric Co., Ltd. (东莞市和旺电器有限公司) also operates at B Block, Jintang Industrial Zone, Dongshen 2nd Road, Tangxia Town, Dongguan, China 523710, Guangdong China and Floor 1&3, Block B, Jintang Industry Park, No. 9, Dongshenheng Road, Tangxia Town, Dongguan, Guangdong, China 523710.

174. Upon information and belief, Ding Bang Feng (冯定帮), Jia Min Fu (伏佳敏), and Qing Hua Xiao (肖清华) are residents of China and the active agents behind Dongguan City and Wang (Mong) Electric Co., Ltd. and have an address at B Block, Jintang Industrial Zone, Dongshen 2nd Road, Tangxia Town, Dongguan, China 523710, Guangdong China and Floor 1&3, Block B, Jintang Industry Park, No. 9, Dongshenheng Road, Tangxia Town, Dongguan, Guangdong, China 523710.

175. Upon information and belief, Defendant Linda Lee is one of the active agents behind HW Technology Co. Ltd. aka HLC Metal Parts Ltd.and has an address at B Block, Jintang Industrial Zone, Dongshen 2nd Road, Tangxia Town, Dongguan 523710, Guangdong China.

176. Upon information and belief, Defendant Zhu Hongyan (noted above as the contact for hlc-metalparts.com) is one of the active agents behind HW Technology Co. Ltd. aka HLC Metal Parts Ltd. and has an address at B Block, Jintang Industrial Zone, Dongshen 2nd Road, Tangxia Town, Dongguan 523710, Guangdong China. Zhu Hongyan signed U.S.

Trademark Registration Application Serial No. 86/357,445 for THE RED BBQ, which has been abandoned, as the owner of HLC Metal Parts Ltd. Zhu Hongyan also signed U.S. Trademark Registration Application Serial No. 86/002,992 for HLC, which matured into U.S. registration No. 4,606,832, as the owner of HLC Metal Parts Ltd.

177. HLC Metal Parts Ltd. is listed as the correspondent for U.S. Trademark Registration Application Serial No. 87/305,851 for HOTSIZZ which is pending. HLC Metal Parts Ltd. used an address of 9 Dongshen Heng Road, Tang Xia, Dong Guan China 523710, when filing the application.

178. As with other Jolyn Liu Related Defendants, the specimen of use filed with the USPTO for HOTSIZZ appears to have been digitally altered in an attempt to show use of the HOTSIZZ trademark. A part of the specimen initially submitted for this trademark registration application is shown below:



179. Upon information and belief, HW Technology Co. Ltd. a/k/a HLC Metal Parts Ltd. a/k/a HLC Electronics Co. Ltd, Feng Zhaohui, Linda Lee, and Zhu Hongyan operate on the e-commerce website amazon.com as seller Cooland with a seller ID of A8DUT1DQO7UT3, using brand names such as "HLC," "Hotsizz," "BBQMann," "Grillkid," and "The Red BBQ."

41

180. Upon information and belief, HW Technology Co. Ltd. a/k/a HLC Metal Parts Ltd. a/k/a HLC Electronics Co. Ltd, Feng Zhaohui, Linda Lee, and Zhu Hongyan operated in the United States as Defendant HLC International, Inc. with addresses at 13608 Burnside Place, Fontana, CA 92336 and 19223 Colima Rd, Rowland Heights, CA 91748-3005, Los Angeles County.

### Defendants Affiliated with Amazon Seller Kingfa Global Inc.

181. Upon information and belief, Amazon seller Kingfa Global Inc. is also tied to the Prior Xiao Jin Hua Defendants and the Jolyn Liu Defendants.

182. Upon information and belief, Defendant Kingfa Global, Inc. is a corporation organized and existing under the laws of California with its principal place of business at 1910 S. Archibald Ave., Suite D, Ontario, CA 91761.

183. Upon information and belief, Defendant Xiao Jun Gao is one of the active agents behind Kingfa Global Inc. and has connection with an address at 948 State Highway 8, Mount Upton, NY 13809 and an address at 441 W Allen Ave #104, San Dimas, CA 91773.

184. Upon information and belief Wuxi Zhuocheng Mechanical Components Co. Ltd, having an address at No.155-1, Xihu West Road, WUXI, - 214105, China and also at Building #26, Liando U Valley, Fengbin Road, Beitang District, Wuxi City, Jiangsu Province, China (*see* Exhibit 72).

185. Xiao Jun Gao is identified as the contact person for Wuxi Zhuocheng Mechanical Components Co. Ltd. (*see* Exhibit 74).

186. Upon information and belief, Kingfa Global Inc., Xiao Jun Gao, and Wuxi Zhuocheng Mechanical Components Co. Ltd, operate on the e-commerce website amazon.com as

seller Kingfa Global Inc. with a seller ID of AG9BSRJRRDV66, using such brand names as "Kingfa," "Vicool," "BBQ Mart," "The Red BBQ," "TSINY BBQ," and "hotsizz."

187. Upon information and belief, Amazon Seller Kingfa Global Inc. is currently selling at least seven (7) products on Amazon identified with the MUSIC CITY METALS® trademark without authorization (*see* Exhibits 55 to 60, 71). These listings state that the products ship from California.

188. Amazon Seller Kingfa Global is currently selling bbqfactory branded products (*see* Exhibit 73), such as ASIN B00UN2BW0W. This ASIN was previously sold by Amazon Sellers Emallnn and Parts Kingdom. Xiao Jin Hua previously operated on Amazon as seller Parts Kingdom. The listings states that this product ships from California.

### Defendants Affiliated with Amazon Seller Gas Barbecue Parts Factory

189. Upon information and belief, Amazon seller Gas Barbecue Parts Factory is also tied to the Prior Xiao Jin Hua Defendants and the Jolyn Liu Defendants.

190. Upon information and belief, Defendant Huizhou Xiangfei Metal Products Co., Ltd., Huizhou Dada Industry Co., Ltd. a/ka/ Huizhou Well Industrial Co., Ltd. is a corporation organized and existing under the laws of China with its principal place of business at Qingcaohu Industrial Zone, Yuechang Village, Xinxu Town, Huiyang District, Huizhou City 516225 Guangdong China. Upon information and belief, since June 30, 2016, Defendant Defendant Huizhou Xiangfei Metal Products Co., Ltd. has operated and controlled the e-commerce portal http://www.ibbqmann.com (*see* Exhibit 75, p. 3, identifying the website title as BBQMANN – Gas barbecue parts factory).

191. Upon information and belief, Tang Bing Zhang is one of the active agents behind Huizhou Xiangfei Metal Products Co., Ltd. and has an address at 10 B, Building 9, Zhongming Hao

Yuan SongLingXin Village, Danshui Town, Huiyang District, Huizhou 516211, Guangdong, China.

192. Upon information and belief, Huizhou Xiangfei Metal Products Co., Ltd. and Tang Bing Zhang operate on the e-commerce website amazon.com as seller Gas Barbecue Parts Factory with seller ID A18Y6SSC1BVOZD, using such brand names as "BBQMANN."

193. Huizhou Xiangfei Metal Products Co., Ltd. is listed as the correspondent for U.S. Trademark Registration Application Serial No. 87/066,783 for BBQMANN. The specimen filed for BBQMANN appears to have been digitally altered in an attempt to show use of the mark. A part of the specimen submitted for this trademark registration application is shown below:



194. This same image, without the digitally added "BBQMANN" mark, is used in connection with the Amazon listing for ASIN B00LJSQ3XU as shown below. This listing shows that the brand is "Red BBQ" and the seller is Cooland (*see* Exhibit 76).



195. This same image, without the digitally added "BBQMANN" mark, is used in connection with the Amazon (Canada) listing for ASIN B00LJSQ6B4 as shown below. This listing shows that the brand is "Red BBQ" with no seller, as it is currently unavailable (*see* Exhibit 77).



196. Upon information and belief, Huizhou Dada Industry Co., LTD ships parts to Kingfa Global, Inc.

**Defendants Affiliated with Amazon Seller TideDealz/BBQ Energy**

197. Upon information and belief, Amazon seller TideDealz/BBQ Energy is also tied to the Prior Xiao Jin Hua Defendants and the Jolyn Liu Defendants.

198. Upon information and belief, Defendant Fu Long Jun a/k/a Longjun Fu has an address at Room 309, Nanguangjiejia Building, Shennan Road, Shenzhen 518031, Guangdong China.

199. Upon information and belief, Defendant Mengyang Zhang has an address at Room 309, Nanguangjiejia Building, Shennan Road, Shenzhen 518031, Guangdong China.

200. Upon information and belief, Fu Long Jun and Mengyang Zhang operate on Amazon as sellers BBQ Energy and TideDealz with a seller ID of A1UVCFU7AUOKFR.

## C. The Lucas Pai Related Defendants[6]

201. Upon information and belief, the entities and individuals identified below conspire with and operate in concert with one another in furtherance of an ongoing corrupt enterprise to infringe MCM's registered marks in an effort to sell counterfeited products. Because of the related and intertwined nature of these defendants, they are referred to collectively below as The Lucas Pai Defendants.

202. Although it is unclear if the Lucas Pai Defendants are tied to Xiao Jin Hua, sellers tied to the Prior Lucas Pai Defendants, such as bbqGrillParts and Grill Parts Zone also sold "bbq factory" branded products.

203. In furtherance of their corrupt enterprise the Lucas Pai Defendants operate various e-commerce websites using various domains which include: bbqpartsfactory.com,[7] grillpartsfactory.com, grillpartsgallery.com, grillpartszone.com, bbqpartszone.com, parts4grill.com, grillrepairparts.com,[8] patio-village.com, pyromagicbbq.com, starwarsbbq.com, starwarsgrill.com, broilchef.com, broilpro.com (*see* Exhibit 79). The Lucas Pai Defendants used these e-commerce sites to facilitate the sale of counterfeit goods and the sale of goods using advertisements which infringe MCM's copyrights and trademark rights.

---

[6] As set forth herein, the Lucas Pai Defendants consist of individual and entities who appear to be related, all, or a sub-set of whom, being active co-conspirators working together to infringe MCM's registered marks and/or counterfeit MCM's products.

[7] The identified registrant in the current whois database currently for bbqpartsfactory.com is a privacy service, but the name server used NS1.BBQPARTSFACTORY.COM, is the same for multiple other Lucas Pai domains and Sam Bedi was identified previously as the registrant.

[8] The whois database shows that the registrant for grillrepairparts.com is AMBS Consulting Services in Delhi, India. The customer service phone number identified on this website, however, is the same as the customer service number for multiple other Lucas Pai related websites.

204. Upon information and belief, in furtherance of their corrupt enterprise, the Lucas Pai Defendants also use the seller name bbqpartsfactory on the otherwise uninvolved third party e-commerce website ebay.com

205. Upon information and belief, in furtherance of their corrupt enterprise, the Lucas Pai Defendants also use the third party e-commerce website amazon.com to facilitate the sale of counterfeit goods and the sale of goods using advertisements which infringe Music City Metals' copyrights and trademark rights.

206. Defendant Suntech Parts & Services, Inc. ("Suntech U.S."), a/k/a Premium Choice Outdoor Living, Inc. is a corporation organized and existing under the laws of the State of California, having entity number C3731927, and registered agent Jui Terng Pai, with a principal place of business at 10750 Johnson Avenue, Cupertino, California. Previously, Mr. Pai operated Grilltown, Inc. at this address.

207. Upon information and belief, Defendant Suntech Parts and Services, Inc. ("Suntech Canada") is a corporation organized and existing under the laws of British Columbia, Canada having incorporation number BC1020549 with addresses at (A) #110 - 7750 128 Street, Surrey, British Columbia, V3W 0R6, Canada; (B) #108 - 19232 Enterprise Way, Surrey, British Columbia, V3S 6J9, Canada; and (C) 5555 192nd Street, Surrey, BC V3S 8E5.

208. Upon information and belief, Suntech Canada also does business using the name BroilChef (*see* Exhibit 80) and on broilchef.com. Jui Terng Pai is the current registrant of broilchef.com (*see* Exhibit 81).

209. Upon information and belief, Defendant BroilChef Enterprise, Inc. is a corporation organized and existing under the laws of British Columbia, Canada with addresses at (A)

7944 Winston Street, Burnaby British Columbia, V5A 2H5, Canada and/or (B) #110 - 7750 128 Street, Surrey, British Columbia, V3W 0R6, Canada.

210. Upon information and belief, Defendant Heavy Duty BBQ Parts is a corporation organized and existing under the laws of Canada with a place of business at 7944 Winston Street, Burnaby, British Columbia, V5A 2H5, Canada.[9]

211. Upon information and belief, Defendant Dragon Right Ltd. is a company organized and existing under the laws of Seychelles and incorporated under the International Business Companies Act of 1994 having a certificate of incorporation number of 159137 and having a principal office at 1st Floor #5 DEKK House, De Zippora Street, Providence Inustrial Esate, Mahe, Republic of Seychelles and having GenPro Consulting Limited of Seychelles as its registered agent and a principal place of business at No. 31, Lane 222, Li Jen Road, Ta Li District, Taichung City, Taiwan, and that Kuo-Min Yeh a/k/a Denny Yeh serves as the sole member of Dragon Right Ltd.

212. Upon information and belief, Defendant D&A Gourmet Co. Ltd, is a company organized and existing under the laws of Seychelles having an address at P.O. Box 1239, Offshore Incorporations Centre, Victoria, Mahe, Republic of Seychelles, with Hui Feng Yang as an officer of the corporation.

213. Upon information and belief, Defendant Oceanside BBQ Parts Factory Inc. is a corporation organized and existing under the laws of Washington with its principal place of business at 13705 56th Ave. S. #A210, Tukwila, WA, 98168.

---

[9] It should be noted that MCM has used the unregistered trademark HEAVY DUTY BBQ REPLACEMENT PARTS since 1994 and uses this trademark on catalogs that it provides to Lowe's Companies, Inc. These catalogs are used in Lowe's stores all across the United States and Canada.

214. Upon information and belief, Defendant Lucas Innovation, Inc. (British Virgin Islands) is a corporation organized and existing under the laws of the British Virgin Islands with an address at P.O. Box 438, Road Town, Tortola, British Virgin Islands.

215. Upon information and belief, Defendant Lucas Innovation, Inc. (Taiwan) is a corporation organized and existing under the laws of Taiwan with an address at 9F-1, No. 160, Sec. 1, Chung-Kang Rd., W. Dst., Taichung Cty, Taiwan.

216. Upon information and belief, Defendant Lucas BBQ Co. Ltd. ("Lucas BBQ") is a company doing business at 14f 1 No 77 Shihjheng N 1st Rd Situn District Taichung City 407 Taiwan and also at R. 507 Eking Building Shida Road, Liaobu Town, Dongguan City, China.

217. Upon information and belief, Lucas BBQ does business under many names including Defendant Grill Town Enterprises, Inc. ("Grill Town"), a corporation organized and existing under the laws of Canada with addresses at (A) 7944 Winston Street, Burnaby British Columbia, V5A 2H5, Canada; and (B) #110 5433 152 Street, Surrey, British Columbia, V3W 5A5, Canada. Grill Town does business on grilltown.com and also on broilpro.com, which appears to be a mirror image of grilltown.com (*see* Exhibit 83). Jui Terng Pai is the current registrant of broilpro.com (*see* Exhibit 82).

218. Upon information and belief, Lucas BBQ also does business as Defendant BBQTek Enterprise, Inc. ("BBQTek") at 7944 Winston Street Burnaby, B.C.V5A 2H5.Canada and at 387 East Brokaw Road, San Jose, CA 95112 and also at 1200 Hamilton Court, Menlo Park, CA 94025 (and at least at one point having Jake Latham as a registered agent for service of process at this address).

219. Upon information and belief, Defendant Debbie Pai is a citizen of Taiwan with a principal place of residence in Canada. Upon information and belief, Debbie Pai is one of the active

agents behind Heavy Duty BBQ Parts. Upon information and belief, Debbie Pai has traveled to the United States on more than one occasion.

220. Defendant Sukhwinder Bedi a/k/a Sam Bedi a/k/a Sukhwinder Singh ("Sukhwinder") is a Canadian resident. On information and belief, Sukhwinder is one of the active agents behind Grilltown Enterprises, Inc. Upon information and belief, Sukwhinder Bedi has traveled to the United States on more than one occasion.

221. Upon information and belief, Sukhwinder Bedi also does business as "BBQ Parts Factory" at 13787 56B Ave., Surrey, BC V3X2W1, Canada.

222. Upon information and belief, Sukhwinder Bedi is also one of the active agents behind Defendant Oceanside BBQ Parts Factory Inc., and has further used the address 52 Rouillier, Saint-Philippe, Quebec, CA J0L 2K0 in connection with this entity.

223. Upon information and belief, Sukhwinder Bedi is also one of the active agents behind Suntech Parts and Services Inc. (Suntech Canada).

224. Defendant Jui Terng Pai a/k/a Lucas Pai ("Lucas Pai") is an individual and resident of Taiwan. On information and belief, Lucas Pai one of the active agents behind Grilltown Enterprises, Inc. Upon information and belief, Lucas Pai travels regularly to the United States.

225. Upon information and belief, Defendant Baldev Sandhu is an individual and resident of Canada. On information and belief, Baldev Sandhu is one of the active agents behind Oceanside BBQ Parts Factory Inc., and has further used the following addresses in connection with this entity: (A) 18677 52 Ave, Surrey, British Columbia, CA V3S 8E5; (B) 52 Rouillier, Saint-Philippe, Quebec, CA J0L 2K0; (C) 8899 North Nechako Road, Prince

George, British Columbia, CA V2K 4Z8; and (D) No. 31, Lane 222, Lir Ren Road, Dali District, Taichung City 407, Taiwan.

226. Upon information and belief, Defendant Jatinder Hundal is an individual and resident of Canada. On information and belief Jatinder Hundal is also one of the active agents behind Oceanside BBQ Parts Factory Inc., and has further used the following addresses in connection with this entity: (A) 12677 68th Ave, Surrey, British Columbia, CA V3S 8E5.

227. Upon information and belief, Defendant, Kuo-Min Yeh a/k/a Denny Yeh ("Yeh") is an individual and resident of Taiwan. On information and belief Yeh is one of the active agents behind Suntech Parts & Services, Inc. (Suntech Canada), acting as CEO, Secretary, and CFO, and has further used the following address in connection with this entity: No. 31, 222 Li Ren Rd., Da Li District, Tai Chung City, Taiwan.

228. Upon information and belief, Defendant Hsu Hsin Yang, an individual, is a resident of Canada with an address at 1633 Langston Place, West Vancouver, Britisch Columbia, Canada V7S3H2.

229. Defendant Hui Feng Yang is an individual and resident of Taiwan. On information and belief Hui Feng Yang is one of the active agents behind Suntech Parts & Services, Inc. (Suntech Canada) and D&A Gourmet Co. Ltd has further used the following address in connection with Suntech Canada: No. 31, 222 Li Ren Rd., Da Li District, Tai Chung City, Taiwan. According to USPTO records for Trademark Registration Application No. 86/625,796 for a design trademark currently being used on bbqtek.com, Hui-feng Yang also has an address at 19F.-1, No.159, Sec. 1, Chung-Kang Rd. West Dist. Taichung City, Taiwan.

230. On information and belief, the Lucas Pai Defendants also operate using other defunct or fictitious business names, including Pyromagic Enterprises, Inc. and Pyromagic BBQ.

231. Upon information and belief, the Lucas Pai Defendants operate and /or operated on Amazon using the seller names identified in the headings below:

## Defendants Affiliated with Amazon Seller Heavy Duty BBQ Parts

232. Upon information and belief, the Lucas Pai Defendants operate on the e-commerce website amazon.com as seller Heavy Duty BBQ Parts with a seller ID of A1O84MJ7BC5OBF, using such brand names as "Suntech Parts and Services," "Heavy Duty Parts Factory," "Grill Parts," "Grill Parts Factory," "BBQTEK," and "Heavy Duty Factory."

## Defendants Affiliated with Amazon Seller Suntech Parts & Services, Inc.

233. Upon information and belief, the Lucas Pai Defendants operate on the e-commerce website amazon.com as seller Suntech Parts & Services, Inc. with a seller ID of A3GB9RCWTQJNCQ, using such brand names as "Suntech Parts and Services," "Heavy Duty Parts Factory," "Grill Parts Factory," and "BBQTEK."

## Defendants Affiliated with Amazon Seller Grill Parts Zone

234. Upon information and belief, the Lucas Pai Defendants operate on the e-commerce website amazon.com as seller Grill Parts Zone with a seller ID of AAZPDSGKPR5X5, using such brand names as "Grill Parts Zone," "Suntech Parts and Services," "Grill Parts Factory," and "Heavy Duty Factory."

## Defendants Affiliated with Amazon Seller bbqGrillParts

235. Upon information and belief, the Lucas Pai Defendants operate on the e-commerce website amazon.com as seller bbqGrillParts with a seller ID of A1API9U3J74ULO, using

such brand names as "bbqGrillParts," "Suntech Parts & Services," "Grill Parts Factory," "Grill Parts," "Heavy Duty Factory," "BBQTEK," "The Red BBQ," and "Vicool."

**Defendants Affiliated with Amazon Seller Concept Innovation, Inc.**

236. Upon information and belief, the Lucas Pai Defendants operate on the e-commerce website amazon.com as seller Concept Innovation, Inc. with a seller ID of A5FB3EAS9GRTA, using such brand names as "BBQTEK."

**The Lucas Pai Defendants Breach of Contract**

237. As noted above, Music City Metals previously filed a civil action against Lucas BBQ Co. Ltd. ("Lucas BBQ"), Grill Town Enterprises, Inc. ("Grill Town"), and BBQTek Enterprises, Inc. ("BBQTek"; collectively "the Prior Lucas Pai Defendants") claiming, *inter alia*, infringement of Music City Metals' trademarks and copyrights.

238. On September 18, 2014, after a hearing, this court entered a judgment against the Prior Lucas Pai Defendants for statutory damages of $2,850,000 and other attorneys' fees and other costs.

239. On September 19, 2014, after a hearing, this court entered an order granting injunctive relief to Music City Metals that permanently enjoined and restrained the Prior Lucas Pai Defendants from using Music City Metal's trademarks or any similar mark in connection with their grill parts business.

240. On or about October 24, 2014, two domains owned by the Prior Lucas Pai Defendants, bbqtek.com and grilltown.com, were transferred to Music City Metals upon an Order by this Court (*see* Exhibit 45, p. 2 of Order). It was not until this transfer that the Prior Lucas Pai Defendants, who had tried to evade the lawsuit filed against it, contacted Music City Metals. Although the Prior Lucas Pai Defendants ignored the lawsuit filed against it, when

the domains were transferred, Lucas Pai contacted the President of Music City Metals, Bo Richardson, within a few hours.

241. On December 2, 2014, Music City Metals and the Prior Lucas Pai Defendants entered into a settlement agreement (the "December 2, 2014 Settlement Agreement").

242. During settlement negotiations Lucas Pai asserted that the Prior Lucas Pai Defendants only had approximately $30,000 of grill parts in inventory.

243. Because the Prior Lucas Pai Defendants had a limited inventory, Music City Metals agreed to enter into the December 2, 2014 Settlement Agreement in an effort to achieve an efficient resolution.

244. Upon information and belief, Lucas Pai's representation that his companies had only $30,000 in inventory made as part of negotiations leading to the December 2, 2014 Settlement Agreement was, in fact, a knowing misrepresentation made in an effort to induce MCM to enter into the December 2, 2014 Settlement Agreement.

245. The December 2, 2014 Settlement Agreement also requires that, aside from a limited number of exceptions, the Prior Lucas Pai Defendants must purchase any type of grill part that is contained in Music City Metals' current or future catalogs directly from Music City Metals.

246. Despite entering into this agreement, Music City Metals has recently become aware that Lucas Pai along with a number of other entities who are defendants in this action are working in concert to sell grill parts in violation of the Settlement Agreement.

247. Upon information and belief, Lucas Pai, acting in concert with his associates have formed new business entities involved in the manufacture, transport, and sale of grill parts in

violation of the terms of the December 2, 2014 Settlement Agreement, and also in violation of this Court's Permanent Injunction (*see* Exhibit 45, p. 2 of Order).

248. Upon information and belief, Lucas Pai has formed such entities in Canada, Seychelles, the United States, and elsewhere to conceal such acts that are in violation of the December 2, 2014 Settlement Agreement.

249. Upon information and belief, on December 1, 2014, Lucas Pai incorporated Defendant Suntech Parts and Services Inc. ("Suntech Canada") in British Columbia, Canada.

250. Upon information and belief, Lucas Pai incorporated Defendant Suntech Parts & Services, Inc. ("Suntech U.S."), a/k/a Premium Choice Outdoor Living, Inc. in the state of California on December 8, 2014.

251. Upon information and belief, two additional defendant entities that are incorporated in the Republic of Seychelles, D&A Gourmet Co., Ltd. and Dragon Right Ltd., are also believed to be connected to the Prior Lucas Pai Defendants' grill parts business.

252. Upon information and belief, on or about December 24, 2014, Lucas Pai assigned the trademark BROIL CHEF from prior defendant Grilltown Enterprises, Inc. to D&A Gourmet Co., Ltd.

253. Lucas Pai and these entities are conspiring with one another, and/or acting in concert in furtherance of a corrupt enterprise with the purpose of infringing MCM's registered trademarks and counterfeiting MCM's products for profit.

## D. The John Doe and Jane Doe Defendants

254. Upon information and belief, John Does 1-N and/or Jane Does 1-N are individuals and/or entities who are also consciously engaging, or conspiring to engage in, the importation,

promotion, distribution, advertisement, offering for sale, and/or sale of counterfeit MCM after-market and replacement gas grill parts and infringing on MCM's registered marks.

255. As a result of this ongoing conduct, John Does 1-N and/or Jane Does 1-N are active participants in the corrupt enterprise undertaken by all or various subsets of the named defendants, as discussed throughout this Complaint. Examples of John Does 1-N's and/or Jane Does 1-N's involvement is outlined below.

256. For example, upon information and belief, John Does 1-N and/or Jane Does 1-N operate on the e-commerce website amazon.com and include the individuals operating as seller Delicious BBQ on Amazon with a seller ID of A12U63EHHTGGD7 (*see* Exhibit 25), who sells at least six (6) different items using the "bbqfactory" brand and also sells using the "brands" "Vicool," "BBQ Mart," and "BBQ funland," among others.

257. John Does 1-N and/or Jane Does 1-N also include Seller Luris Shop with a seller ID of A136WTLCT8B6OI (Exhibit 26), who is believed to be connected to Luris Chen a/k/a Long Chen Jian a/k/a Changjian Chen and Guangzhou Han Yi E-Commerce Co, Ltd.

258. John Does 1-N and/or Jane Does 1-N also include the individuals operating as the following sellers on ebay.com:

    a.  parts_for_grills_and_barbecues

    b.  fashion captain

    c.  tsiny-motor

259. John Does 1-N and/or Jane Does 1-N also include the individuals operating as seller yozos on ebay.com, selling counterfeit MCM parts (*see* Exhibit 10), who, upon information belief, also acts a supplier to several Defendants noted above, as shown by the listings collected in Exhibit 84, some of which are shown below by way of example.

260. For example, as shown below, seller yozos on ebay.com is selling a "bbq factory" branded part for $1,126.40, which upon information and belief is the price for multiple units of the identified parts (*see* Exhibit 84).



261. In another example, as shown below, seller yozos on ebay.com is selling a BBQ-Parts branded part for $1,123.10, which upon information and belief is the price for multiple units of the identified parts (see Exhibit 84).



262. In another example, as shown below, seller yozos on ebay.com is selling a Bar.B.Q.S branded part for $1,122.00, which upon information and belief is the price for multiple units of the identified parts (*see* Exhibit 84).



263. In another example, as shown below, seller yozos on ebay.com is selling a Hyco branded part for $1,122.00, which upon information and belief is the price for multiple units of the identified parts (*see* Exhibit 84).



## <u>JURISDICTION AND VENUE</u>

264. This Court has jurisdiction over the trademark infringement, federal unfair competition, trademark counterfeiting, copyright, and RICO claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

265. This Court has subject matter jurisdiction for the breach of contract and state law unfair competition claims asserted in this Complaint pursuant to 28 U.S.C. § 1367(a) because the Court has jurisdiction over the trademark infringement, federal unfair competition, (Lanham Act), trademark counterfeiting, and copyright claims. In the alternative, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 and involves parties residing in different states.

266. This Court has personal jurisdiction over all Defendants as they have purposefully directed their unlawful activities at residents this state, and the claims arise out of or relate to those activities. In addition, upon information and belief, all Defendants have sold counterfeit gas grill replacement parts to residents of this District. Upon information and belief, all Defendants operate active ecommerce websites that allow customers from all

over the country including Tennessee to purchase products that are advertised using copyrights and/or trademarks owned by Music City Metals without authorization. Further, with respect to Defendants Jui Terng Pai a/k/a Lucas Pai, Lucas BBC Co. Ltd, Grill Town Enterprises, Inc., and BBQTek Enterprise, Inc. those Defendants entered into an agreement with Music City Metals, further discussed above, specifically agreeing to the exclusive jurisdiction of this Court.

267. Venue is proper in this Court in accordance with 28 U.S.C. § 1391(b)(1) for the entities identified as Defendants herein, both incorporated and unincorporated, including the individual Defendants operating e-commerce stores in concert as they have a joint or common economic interest, because jurisdiction over these entities can be had in this state. Venue is also proper in this Court in accordance with 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to the claims asserted herein occurred in Tennessee. For Defendants not residents of the United States, venue is proper in this Court in accordance with 28 U.S.C. § 1391(c)(3).

**Defendants' Actions-**
**Trademark Counterfeiting and Trademark Infringement**

268. Defendants, who have no affiliation with Music City Metals, capitalize on the popularity, reputation, and goodwill of the MCM® and MUSIC CITY METALS® trademarks and have defrauded consumers by consciously engaging in the importation, promotion, distribution, advertisement, offering for sale, and/or sale of counterfeit MCM replacement grill parts that unfairly compete with MCM's products using the MCM® trademark, the MUSIC CITY METALS® trademark, and MCM's model numbers without MCM's permission, authorization, or approval.

59

269. By way of example, Defendants often misleadingly use "for MCM" in their online advertisements. However, MCM does not sell grills for which Defendants would be able to advertise available replacement parts "for." While MCM parts are after-market products, MCM's model numbers are not the model numbers used by grill manufacturers.

270. The only reasons Defendants use "for MCM" in their descriptions are to trade off of MCM's goodwill and to pass off their products as MCM products.

271. Defendants also use MCM's unique model numbers, which are well-recognized and widely known in the industry and associated by consumers with MCM's products, serving as an indication of source.

272. Numerous examples of each of the Defendants trademark counterfeiting and infringements are found in Exhibits 6 and 61-70 and Exhibit 34, which show numerous examples of use of MCM® and/or MUSIC CITY METALS® and hundreds of current uses of "for MCM" by Defendants.

273. The counterfeit MCM grill parts offered for sale, sold, and distributed by the Defendants are not genuine MCM goods and MCM has not authorized or approved the counterfeit grill parts offered for sale, sold, and distributed by the Defendants.

**Defendants' Actions-Copyright Infringement**

274. The Defendants have and continue to use unauthorized reproductions of copyrighted photographs and drawings of MCM's products, as well as copies of such, to sell their own infringing products.

275. The Defendants sell replacement parts that unfairly compete with MCM's products using reproductions of the Copyrighted Works without authorization.

276. The Defendants' websites and/or websites that the Defendants advertise on, such as www.amazon.com, www.ebay.com, and others identified herein, contain hundreds of Defendants' advertisements that misappropriate MCM's copyrighted images or model and brand information without authorization (*see* Exhibits 6 and 61-70).

277. For the above reasons, Defendants have caused, and unless enjoined by this Court, will continue to cause, MCM irreparable harm for which it has no adequate remedy at law and an incalculable loss of goodwill and damages.

### Defendants' Actions-Racketeering

278. As set forth above, Defendants have engaged in an organized criminal scheme to willfully infringe MCM's copyrighted works for purposes of commercial advantage and their own private financial gain.

279. As set forth above, Defendants have knowingly trafficked in goods bearing a counterfeit of MCM's registered mark and/or have trafficked in goods knowing that MCM's counterfeit mark has been applied thereto and that the use of that counterfeit mark was likely to cause confusion, to cause mistake, or to deceive for the purposes of their own private financial gain.

280. Many of the replacement parts sold by Defendants are not manufactured to the same standards as MCM's replacement parts. As a result, these parts can degrade quicker, not fit the grills for which they are advertised, or, when used with natural gas and propane grills, result in unsafe conditions.

281. On information an belief, in furtherance of this concerned corrupt enterprise, Defendants have made use of the services of numerous financial institutions including, but not limited to PayPal, in order to carry out, facilitate, complete, or ratify the unlawful transactions

complained of herein or used such entities to hold, transfer, transmit, relay, maintain, or invest profits from the unlawful activities described herein.

282. These actions constitute racketeering activity as that action is defined by 18 USC § 1961.

## CAUSES OF ACTION

## COUNT I – TRADEMARK INFRINGEMENT

283. MCM realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

284. The Defendants have marketed and sold products, and continue to market and sell products, using Plaintiff's MCM® and MUSIC CITY METALS® trademarks or confusingly similar marks on products that are not MCM products, without authorization by MCM.

285. Defendants' use of MCM's registered marks and model numbers is without permission.

286. Defendants' unauthorized display of the MCM® and MUSIC CITY METALS® trademarks and MCM's proprietary model numbers are intentionally designed to confuse consumers and trick them into believing that Defendants' counterfeit MCM grill parts originate from, were designed, manufactured, licensed, approved, sponsored by, or are otherwise affiliated with Plaintiff MCM, and as such, the Defendants' acts are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of counterfeit MCM grill parts and are likely to deceive the consuming public into believing that the counterfeit MCM grill parts offered for sale and sold by Defendants originate from, are associated with, or are otherwise authorized by MCM when in fact no such association exists, thereby damaging MCM's reputation, goodwill, and sales.

287. The Defendants unauthorized use of Plaintiff's marks MCM® and MUSIC CITY METALS® in the manner herein above alleged constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(1).

288. This unauthorized use has been intentional and willful and with full knowledge and in conscious disregard of MCM's rights in its marks.

289. Such acts by the Defendants cause irreparable harm for which MCM is entitled to a preliminary and permanent injunction under, *inter alia*, 15 U.S.C. § 1116.

## COUNT II – FEDERAL UNFAIR COMPETITION

290. MCM realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

291. The Defendants' use of MCM's trademarks, MCM's copyrighted works, MCM's model numbers and other deceptive content in connection with Defendants' advertisements and sales of grill parts falsely represent to consumers that Defendant's products originate with, are sponsored, endorsed, and/or licensed by MCM in violation of the Lanham Act, §43(a), 15 U.S.C. § 1125(a).

292. The Defendants' use of MCM's trademarks, MCM's copyrighted works, MCM's unique model numbers, and other deceptive content in connection with Defendants' advertisements and sales of grill parts are intended to deceive customers into purchasing the Defendants' products under the misguided belief that Defendants are affiliated with MCM, which is false.

293. The Defendants have misrepresented the nature, characteristics, and qualities of their goods in commercial advertising throughout the United States.

294. The Defendants' false designation of origin and false descriptions have been willful and deliberate, designed specifically to trade upon the consumer goodwill enjoyed by MCM among consumers of grill replacement parts.

295. MCM's goodwill among consumers of grill replacement parts is extremely valuable, and MCM will suffer irreparable harm if the Defendants' false designation of origin as to the grill replacement parts it sells is allowed to continue.

296. Such conduct is aggravated by Defendants' use of MCM's distinctive product numbers.

297. The Defendants' false designation of origin and false descriptions will likely continue unless enjoined by this Court.

## COUNT III – TRADEMARK COUNTERFEITING

298. MCM realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

299. The Defendants' intentional and knowing use of MCM's federally registered MCM[®] and MUSIC CITY METALS[®] trademarks in connection with the sale of products that are not MCM products constitutes trademark counterfeiting in violation of 15 U.S.C. § 1116. Such conduct is aggravated by Defendants' unauthorized use of MCM's distinctive model numbers.

300. Such acts by the Defendants warrant the relief set forth under 15 U.S.C. §§ 1116(d) and 1117(a), (b), and (c).

## COUNT IV – STATE UNFAIR COMPETITION

301. MCM realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

302. The Defendants have acted with intent to deceive the public as to the source of their goods and services, and the public has, in fact, been confused or deceived as to the true source of the Defendants' services and the rights and authority of their organizations.

303. The Defendants' unlawful usurpation of MCM's rights and property constitutes unfair competition under the statutory and common law of Tennessee.

## COUNT V – BREACH OF CONTRACT

304. MCM realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

305. This Count is only against Defendants Lucas BBQ Co. Ltd., Grill Town Enterprises, Inc., BBQTek Enterprise, Inc., and Jui Terng Pai a/k/a Lucas Pai.

306. A contract exists between the parties.

307. The Defendants have breached the parties' December 2, 2014 Settlement Agreement as stated herein.

308. MCM has been damaged and is entitled to recovery of damages suffered by it.

## COUNT VI – COPYRIGHT INFRINGEMENT

309. MCM realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

310. The Defendants' use of the Copyrighted Works is without the permission of MCM and in violation of the parties' agreement.

311. Defendants' unauthorized copies of the Copyrighted Works are identical to MCM's protected works and are therefore substantially similar.

312. The fact that many of Defendants' unauthorized reproductions are exact copies of the Copyrighted Works indicates that the Defendants had access to MCM's copyrighted works.

313. Examples of the Defendants' copyright infringement by copying images from MCM's grill parts catalog are found in Exhibit 6.

314. Examples of the Defendants' copyright infringement by copying textual descriptions from MCM's Copyrighted Works are also found in Exhibit 6.

315. The Defendants have infringed the copyrights in the Copyrighted Works in violation of 17 U.S.C. §§ 501, et seq.

316. The Copyrighted Works are registered and owned by MCM, as shown in Exhibit 3, 5, and 7 to this Complaint.

317. MCM is entitled to injunctive relief under 17 U.S.C. § 502, impoundment under 17 U.S.C. § 503, damages, including statutory damages, under 17 U.S.C. § 504, and costs and fees under 17 U.S.C. § 505.

### COUNT VII – RACKETEER INFLUENCED CORRUPT ORGANIZATION VIOLATIONS PURSUANT TO 18 §§ 1962 and 1964

318. MCM realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

319. Defendants' actions, as set forth above, violated 18, U.S.C. § 2319 (criminal copyright infringement), 18 U.S.C. § 2320 (trafficking in goods and services bearing counterfeit marks); and 17 U.S.C. 506 (criminal copyright infringement).

320. Defendants' actions, as set forth above, affected, and continue to affect, interstate commerce.

321. Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts in furtherance of their corrupt enterprise. These multiple acts constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

322. The Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

323. In addition, Defendants operate numerous enterprises engaged in and whose activities affect interstate commerce.

324. Defendants acquired and maintained interests in and control of these enterprises through a pattern of racketeering activity.

325. The Defendants have directly and indirectly acquired and maintained interests in and control of the enterprise through the pattern of racketeering activity described above, in violation of 18 U.S.C. § 1962(b).

326. As a direct and proximate result of the Defendants' racketeering activities and violations of 18 U.S.C. §§ 1962(c) and 1962(b), MCM has been injured in its business and property.

327. Pursuant to 18 U.S.C. 1964(c) Defendants are liable to MCM for treble damages of an amount to be determined at trial and reasonable attorneys' fees.

### COUNT VIII – CONSPIRACY TO COMMIT RACKETEER INFLUENCED CORRUPT ORGANIZATION VIOLATIONS PURSUANT TO 18 §§ 1962(d)

328. MCM realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

329. As set forth above, the Defendants intentionally agreed and conspired to violate 18 U.S.C. § 1962(b) and (c).

330. The Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts in furtherance of the schemes described above. That conduct constitutes a conspiracy to violate 18 U.S.C. § 1962 (b) and (c), in violation of 18 U.S.C. § 1962(d).

331. As a direct and proximate result of the Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), MCM has been injured in its business and property.

332. Pursuant to 18 U.S.C. 1964(c) Defendants are liable to MCM for treble damages of an amount to be determined at trial and reasonable attorneys' fees.

### COUNT IX – FALSE ADVERTISING
### Lanham Act, 15 U.S.C. § 1125(a)(1)(B)

333. MCM realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

334. The BBQ-Parts Defendants have knowingly made literally false and misleading statements of alleged fact in their commercial advertisements by marketing their various grill parts on Amazon.com as "FDA Approved" when such products were not approved by the FDA.

335. The BBQ-Parts Defendants use of "FDA Approved" in connection with their grill parts products unambiguously represents that their products are somehow better and/or safer than non-FDA-approved grill parts products such as MCM's.

336. Upon information and belief, these false and misleading statements deceived or had the capacity to deceive substantial segments of the population of consumers of replacement and aftermarket grill parts, including MCM's existing and potential customers.

337. Upon information and belief, the BBQ-Parts Defendants' false and misleading statements were material in that they influenced and were likely to influence the purchasing decisions of consumers of replacement and aftermarket grill parts, including MCM's existing and potential customers.

338. The BBQ-Parts Defendants' false and misleading statements were introduced into interstate commerce and concerned products sold in interstate commerce.

339. Upon information and belief, these statements of the BBQ-Parts Defendants were made for the purpose of influencing consumers of replacement and aftermarket grill parts, including MCM's existing and potential customers, to buy the BBQ-Parts Defendants' products instead of MCM's products.

340. MCM sustained damages and losses as the direct and proximate result of the BBQ-Parts Defendants' intentionally false and misleading statements of alleged fact in their commercial advertisements.

341. The BBQ-Parts Defendant's false and misleading statements constitute false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

**COUNT X - TENNESSEE CONSUMER PROTECTION ACT**
**Tenn. Code Ann. 47-18-104(b)(2) and (5)**

342. MCM realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

343. The BBQ-Parts Defendants have willfully and knowingly caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of their goods in violation of Tenn. Code Ann. § 47-18-104(b)(2) by virtue of their false and misleading use of the phase "FDA Approved" in connection with their grill parts products.

344. The BBQ-Parts Defendants have willfully and knowingly represented that their goods have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have in violation of Tenn. Code Ann. § 47-18-104(b)(5) by virtue of their false and misleading use of the phase "FDA Approved" in connection with their grill parts products..

345. As a result of the foregoing unfair and deceptive acts of the BBQ-Parts Defendants, Plaintiff has suffered an ascertainable loss of money and/or other things of value.

346. Such acts of the BBQ-Parts Defendants therefore constitute a violation of Tenn. Code Ann. § 47-18-109(3), entitling Plaintiff to an award of up to three times actual damages.

## PRAYER FOR RELIEF

**WHEREFORE**, MCM respectfully prays that this court grant it the following relief:

A.      That the Court enter judgment for MCM on each of its claims;

B.      That the Court enter injunctive relief, ordering that the Defendants, as well as their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them, are enjoined and restrained from:

1.      using counterfeit reproductions of the trademarks MCM® or MUSIC CITY METALS®, or any other colorable imitation thereof in creating, manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling, or otherwise offering for sale counterfeit MCM grill parts, or any other products produced by MCM or confusingly similar to MCM's products, that otherwise bear, contain, display or utilize MCM's marks MCM® and MUSIC CITY METALS®, any derivation or colorable imitations thereof, or any mark confusingly similar thereto, or facilitating, inducing, or assisting any of the activities set forth above;

2.      using any other false designation of origin, false description or representation, or any other thing, or performing any act calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that any product manufactured, imported, distributed, offered for sale, or sold by the Defendants, including counterfeit MCM grill parts, is in any way sponsored, licensed, approved, endorsed, authorized, affiliated, or connected with and/or originated from MCM;

3. engaging in any other acts, developing any images or content, or creating any items or things calculated or in any way likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, or investors into the belief that the products or services promoted, offered, or sponsored by Defendants emanate from or originate with MCM, or are somehow sponsored, licensed, endorsed, authorized, affiliated, or connected with MCM and/or originate from MCM;

4. engaging in any conduct or advertising that tends in a false or misleading manner to associate the Defendants' goods and services with MCM or with MCM's goods or services;

5. engaging in any conduct or advertising that tends to adversely affect the public's perception of MCM or MCM's goods or services;

6. offering any products for sale using any mark containing MCM and/or MUSIC CITY METALS and/or using MCM's product numbers and/or using any portion of MCM's Copyrighted Works;

7. using any MCM artwork or images;

8. engaging in any conduct that otherwise infringes the MCM® and MUSIC CITY METALS® trademarks or MCM's Copyrighted Works;

9. otherwise competing unfairly with MCM in any manner;

10. removing, returning, or otherwise disposing of, in any manner, any counterfeit MCM grill parts, or any other products confusingly similar to MCM's products, or that otherwise bear, contain, display or utilize MCM's marks MCM® and MUSIC CITY METALS®, any derivation or colorable imitations thereof, or any

confusingly similar thereto or likely to dilute or tarnish MCM's marks MCM® and MUSIC CITY METALS®;

11.    secreting, destroying, altering, removing, deleting all electronic copies, or otherwise dealing with the unauthorized products or means of making such products, or any books, documentation or records thereto (electronic or otherwise) which contain any information relating to creating, importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe MCM's marks MCM® and MUSIC CITY METALS®; and

12.    facilitating, inducing, assisting, aiding, abetting, or supplying the means for any other person or business entity to engage in or perform any of the activities referred to in the above subparagraphs (1) through (11), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (1) through (11).

C.    Direct Defendants to permanently delete and remove and recall from all websites, blogs, online auctions, stores, shops, markets, outlets, catalogues, or other channels of commerce any counterfeit MCM grill parts, or any other product confusingly similar to MCM's products, or that otherwise bear, contain, display or utilize MCM's marks MCM® or MUSIC CITY METALS® or MCM's unique model numbers, including any derivation or colorable imitations thereof, or any mark confusingly similar thereto, including any prior or old postings on websites that are in Defendants' possession, custody, or control and all means of making the same;

D. In accordance with 15 U.S.C. § 1118, direct Defendants to deliver up for destruction all counterfeit MCM grill parts, and/or any other products confusingly similar to MCM's products, or that otherwise bear, contain, display, or utilize MCM's marks MCM® or MUSIC CITY METALS®, any derivation or colorable imitations thereof, or any mark confusingly similar thereto, that are in Defendants' possession, custody, or control and all means of making the same;

E. In accordance with 15 U.S.C. § 1118, direct Defendants to deliver up for destruction any and all guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising and promotional matter, electronic files, and other materials in the possession or control of Defendants bearing MCM's marks MCM® or MUSIC CITY METALS®, any derivation or colorable imitations thereof, or any mark confusingly similar thereto;

F. Direct Defendants to supply MCM with a complete list of entities from whom they purchased and to whom they distributed and/or sold counterfeit MCM grill parts, or any other products confusingly similar to MCM's products, or that otherwise bear, contain, display or utilize MCM's marks MCM® or MUSIC CITY METALS®, any derivation or colorable imitations thereof, or any mark confusingly similar thereto, including but not limited to any information that could lead to the entities' identities, such as bank account information, corporate records, contact names, phone numbers and email addresses or other forms of contact;

G. Direct Defendants to supply MCM with a complete list of entities, and any information that could lead to the entities' identities, such as bank account information, corporate records, contact names, phone numbers and email addresses or other forms of contact for whom they provided platform services and/or optimization that are identified as entities distributing

and/or selling counterfeit MCM grill parts, or any other products confusingly similar to MCM's products, or that otherwise bear, contain, display or utilize MCM's marks MCM® or MUSIC CITY METALS®, any derivation or colorable imitations thereof, or any mark confusingly similar thereto;

H.     That the Court enter preliminary and permanent injunctive relief in accordance with 17 U.S.C. § 502 and also order the Defendants, in accordance with 15 U.S.C. § 1116, to file a verified report with this Court within thirty (30) days of the Court's entry of injunctive relief, specifying in detail the manner and form in which the Defendants have complied with the injunction and order of this Court;

I.     Order that any of Defendants assets that are held by or within the control of entities that are subject to the jurisdiction of this Court, be restrained and frozen pending the outcome of this action so that MCM's right to the damages set forth in this Complaint is not later rendered meaningless, including but not limited to the Defendants' domain names identified herein;

J.     Order that Defendants not communicate to third parties the subject matter of this action to prevent Defendants from informing suppliers, customers, or others involved in the illegal and infringing activities alleged herein;

K.     An award of statutory damages for trademark counterfeiting under 15 U.S.C. § 1117(c) in the amount of $2,000,000 per counterfeit mark and an award of statutory damages for copyright infringement under 17 U.S.C. § 504 in the amount of $150,000 per work;

L.     That the award of actual damages and profits be trebled pursuant to 15 U.S.C. §§ 1117(a) and (b) and 18 U.S.C. § 1964(c);

M.     Award MCM its reasonable attorneys' fees along with the costs and disbursements incurred herein as a result of Defendants' intentional and willful infringement pursuant to § 35(a) of the Federal Trademark Act, 15 U.S.C. § 1117(a) and 18 U.S.C. 1964(c);

N.     An impoundment of the Defendants' products that infringe MCM's copyrights and/or trademarks;

O.     An accounting of profits;

P.     A trial by jury as to all issues triable of right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure; and

Q.     That the Court grant such further relief which is just and to which MCM is entitled.

Respectfully submitted,

Dated: April 27, 2017

By: /s/ Nathan J. Bailey
Nathan J. Bailey (TN BPR No. 026183)
John-David H. Thomas (TN BPR No. 027582)
Eric B. Fugett (TN BPR No. 032454)
WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219
Tel: (615) 244-6380
Fax: (615) 244-6804
Nate.Bailey@wallerlaw.com
JD.Thomas@wallerlaw.com
Eric.Fugett@wallerlaw.com

*Attorneys for Plaintiff Music City Metals Co., Inc.*

**VERIFICATION**

I, Hugh M. Richardson, under penalty of perjury by the laws of the United States, state: That I am the President of Music City Metals Co., Inc.; that I have read, am familiar with, and have personal knowledge of the contents of the foregoing Complaint; that to the best of this knowledge, information, and belief, the allegations thereof are true and correct; and that to the best of my knowledge, information, and belief, the exhibits hereto are true and correct copies of what they purport to be and what they are identified as in the Complaint.

Executed this 27th day of April, 2017 in Nashville, Tennessee.

_____
Hugh M. ("Bo") Richardson